## Case No. 16,982.

### In re VOGEL.

[7 Blatchf. 18; 3 N. B. R. 198 (Quarto, 49); 1 Am. Law T. Rep. Bankr. 170; 2 Am. Law T. 154.] [1]

Circuit Court, S. D. New York. Sept. 27, 1869.

BANKRUPTCY — WHAT PASSES TO ASSIGNEE — REPLEVIN BY STATE PROCESS—DUTY OF CREDITOR.

1. Under the bankruptcy act of March 2d, 1867 (14 Stat. 517), all property of a bankrupt, in his actual possession at the time of the filing of the petition in bankruptcy, passes into the hands of the assignee the instant he is appointed.

2. Where property that was in possession of a bankrupt when he filed his voluntary petition, and was embraced in the inventory to such petition, as property assignable under the act, was afterwards taken by process in replevin issued from a state court, by a creditor who had sold it to the bankrupt, but claimed that, because of fraud, the title to it had not passed, the process stating that the bankrupt claimed to have purchased the property, and the bankrupt was adjudged such, and an assignee was appointed, *held*, in a proceeding instituted by the assignee against the creditor, that the creditor must restore the property or its value to the assignee, and that the proper remedy of the creditor was to apply to the district court for relief, or to institute a proper action against the assignee in the district court or in this court.

[Cited in Re Ulrich, Case No. 14,328; Re Irving, Id. 7,073; Re Litchfield, 13 Fed. 866; Lehman v. Rosengarten, 23 Fed. 642. Followed in Moran v. Sturges, 154 U. S. 2, 14 Sup. Ct. 1029.]

[Cited in Hanchett v. Waterbury, 115 Ill. 229, 32 N. E. 196.]

[In review of the action of the district court of the United States for the Southern district of New York.]

This was a petition for a review of an or-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 3 N. B. R. 198 (Quarto, 49), and 1 Am. Law T. Rep. Bankr. 170, contain only partial reports.]

der made by the district court, in bankruptcy. [Case No. 16,983.] The bankrupt [Henry Vogel] filed his voluntary petition on the 5th of October, 1868. On the 6th he surrendered to the register a stock of merchandise. On the 7th he was adjudged a bankrupt. On the 6th, and also on the 10th, certain creditors of the bankrupt, who had sold to him a part of the merchandise, replevied it by process from a state court, on the ground that the purchase of the property was fraudulent and no title to it had passed. The property replevied on the 6th was taken from the store of the bankrupt. The property replevied on the 10th was taken from the register and against his protest. Assignees of the bankrupt were appointed. They petitioned the district court for a delivery to them of the property by the several creditors who had received it under the proceedings in replevin, or that such creditors be attached for contempt for taking the property from the possession and control of the district court. The creditors defended on the ground that they owned the property taken. The district court made an order that the creditors deliver to the assignees the goods replevied or pay their values within a time limited, and that, in default thereof, attachments issue for contempt. This was the order of which a review was sought by the creditors. The district judge (BLATCHFORD, J.), in his decision in the case, said: "Section 11 of the act provides that 'the filing of such petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt.' The same section provides that a warrant shall be forthwith issued to the marshal to publish and serve notices, stating, among other things, the issuing of the warrant, and that the transfer of any property by the debtor is forbidden by law. The 38th section provides, that the filing of a petition for adjudication in bankruptcy by a debtor in his own behalf, upon which an order of adjudication may be issued, shall be deemed and taken to be the commencement of proceedings in bankruptcy under the act. Such order is form No. 5. The 14th section provides that the assignment of the estate of the bankrupt, made to the assignee in bankruptcy, 'shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee.' The 15th section provides, that 'the assignee shall demand and receive from any and all persons holding the same, all the estate assigned, or intended to be assigned, under the provisions of this act.' It is manifest, from these provisions, that when a voluntary petitioner in bankruptcy files his petition in due form, he becomes, eo instanti, a bankrupt, so far as any interference with the property named in his inventory is concerned, and that such property is thereby brought into the bankruptcy court, and placed in its custody and

under its protection, as fully as if actually brought into the visible presence of the court. Being in the custody of the bankruptcy court, no other court, and no person acting under any process from any other court, can, without the permission of the bankruptcy court, interfere with it; and, to so interfere, is a contempt of the bankruptcy court. Peck v. Jenness, 7 How. [48 U. S.] 612, 625; Williams v. Benedict, 8 How. [49 U. S.] 107, 112; Wiswall v. Sampson, 14 How. [55 U. S.] 52, 66; Peale v. Phipps, Id. 368, 374; Taylor v. Carryl, 20 How. [61 U. S.] 583, 594–597; Freeman v. Howe, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 334. The property being in the bankruptcy court in specie, that court has ample jurisdiction conferred upon it by the bankruptcy act to adjudicate in regard to it. The question before this court now is, not who has the rightful title to this property, but whether the lawful possession of it by this court has been unlawfully interfered with. The 2d section of the act gives to this court jurisdiction of all suits at law or in equity which may or shall be brought, by any person claiming an adverse interest, against the assignee in bankruptcy, touching any property or rights of property of the bankrupt, transferable to or vested in the assignee. In this case, the plaintiffs in the replevin suits claim an interest in this property adverse to the interest claimed by the assignees. The property, if it was the property of the bankrupt, was transferable to and vested in the assignees. It was embraced in the inventory annexed to the bankrupt's petition, as property assignable under the act, and the processes issued in the replevin suits stated that the bankrupt claimed to have purchased the property. Three of the processes stated that the bankrupt was in possession of the property, and the two processes which were executed on the 10th of October, 1868, stated that the property was in possession of the bankrupt 'or his agents.' Under these circumstances, no matter what the ultimate decision may be as to the real title to the property, it was properly included by the bankrupt in his petition, and was surrendered by him into the custody of this court by the filing of his petition. It was urged that these replevin suits could be maintained under the 25th section of the act. That section provides, that, 'whenever it appears to the satisfaction of the court that the title to any portion of an estate, real or personal, which has come into possession of the assignee, or which is claimed by him, is in dispute, the court may, upon the petition of the assignee, and after such notice to the claimant, his agent or attorney, as the court shall deem reasonable, order it to be sold, under the direction of the assignee, who shall hold the funds received in place of the estate disposed of; and the proceeds of the sale shall be considered the measure of the value of the property in any suit or controversy between the parties in any courts. But this provision shall not prevent the recovery of the property from the possession of the assignee by

any proper action commenced at any time before the court orders the sale.' Under this provision, the property may be recovered from the possession of the assignee by an action brought in a state court before the commencement of the proceedings in bankruptcy, and to which the assignee is made a party under section 14, or by an action brought in the bankruptcy court, or in the circuit court for the same district, under section 2 of the act. But an action of replevin brought in a state court to recover specific property, after such property has been taken into custody by the bankruptcy court, is not, within the 25th section, a 'proper action.' In re Barrow [Case No. 1,-057]. So far as the decisions in the cases of In re Wylie [Id. 18,109] and In re Noakes [Id. 10,231] conflict with this view, they seem to me to be unsupported by law. The learned judge who decided the latter case, in saying, in his opinion, that a party who claims as his own property in the possession of an assignee in bankruptcy, must seek redress by the appropriate remedy in the courts of the state, overlooks entirely the provision of the second section of the act and the principle of the decisions of the supreme court before cited. If the jurisdiction of the state court had first attached to this property by its process in replevin, this court would not disturb the possession of the state court, or of the plaintiffs under it. But, as was said by the supreme court, in Buck v. Colbath, before cited, where property is in the custody of a court, and 'under its control for the time being,' 'no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises.' 'A departure from this rule would lead to the utmost confusion, and to endless strife between courts of concurrent jurisdiction deriving their powers from the same source; but how much more disastrous would be the consequences of such a course, in the conflict of jurisdiction between courts whose powers are derived from entirely different sources, while their jurisdiction is concurrent as to the parties and the subject-matter of the suit.' "

Charles H. Smith, for assignees.
Albert Van Wagner and Dubois Smith, for the other parties.

NELSON, Circuit Justice. The question involved in this case has been several times before me, not, perhaps in the precise shape in which it is now presented, but involving substantially the same principle, and that is, whether or not all the property of a bankrupt, in his actual possession at the time of the filing of the petition in bankruptcy, passes into the hands of the assignee the instant he is appointed.

I have regarded the several provisions of the act of congress, that are specially referred to in the opinion of the district judge, as decisive

in favor of the affirmative of this question. The 38th section provides, that the filing of the petition shall be deemed and taken to be the commencement of proceedings in bankruptcy under the act; and the 14th section provides, that the assignment of the estate of the bankrupt, made to the assignee, shall relate back to the commencement of the proceedings in bankruptcy, and that thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in the assignee. Nothing can be more specific and decisive on the question, and there are no other parts of the act which, when rightly understood, vary the effect of these sections.

The proper remedy for the creditors, under the circumstances, was, to apply to the district court for relief, or to await the appointment of the assignees and institute a proper action against them in the district court or in this court. The petition for review is dismissed.

[See Cases Nos. 16.983 and 16.984.]

[See In re Gregg [Case No. 5.796]; Davis v. Anderson [Id. 3.623]; Stuart v. Hines [33 Iowa. 60]; Miller v. O'Brien [Case No. 9,586.]²