HEARD APRIL TERM, 1875.

### SOUTHERN *vs.* FISHER.

The District Courts of the United States have exclusive jurisdiction over the assigned estates of bankrupts, and no action can be maintained in a State Court against an assignee or trustee in bankruptcy to enjoin his collection of assets.

Where assets have been placed by a Court of competent jurisdiction in the hands of its officer, they are considered in law as being in the custody of the Court, and no other Court has jurisdiction to interfere with the officer's control and authority over them.

BEFORE CARPENTER, J., AT RICHLAND, JANUARY TERM, 1875.

This was an action by John P. Southern and L. D. Childs against John Fisher, as trustee of the Citizens' Savings Bank of South Carolina, bankrupt.

The complaint alleged that the said bank, a body corporate under the laws of the State, was, on the 1st December 1873, duly adjudged bankrupt under the bankrupt laws of the United States, and that the defendant, John Fisher, had been appointed trustee of its estate; that at the time of the adjudication the bank held as part of its assets two promissory notes signed by the plaintiffs and others, payable to the bank, which were now in the possession of the defendant as trustee; that the plaintiffs were induced to sign said notes by the

fraudulent concealment of certain facts, which were stated, and which, it was alleged, rendered the notes void as to the plaintiffs; and that the defendant had threatened to commence actions against the plaintiffs on said notes.

The prayer of complaint was that the defendant be enjoined from commencing such actions and that said notes be delivered up to be cancelled.

The defendant demurred to the complaint upon several grounds, two of them being: first, that the Court had no jurisdiction of the action, it being against the defendant as trustee of the estate of a bankrupt; and, second, that the complaint does not state facts sufficient to constitute a cause of action.

His Honor the Circuit Judge overruled the demurrer, with leave to answer, and the defendant appealed.

*McMaster & LeConte, Rion & Barnwell,* for appellant.

*Melton & Clarke, Melton & Chamberlain,* contra.

November 13, 1875. The opinion of the Court was delivered by

MOSES, C. J. The motion to reverse the order overruling the demurrer must prevail. The exception to the jurisdiction of the Court, in our judgment, admits of no question, notwithstanding the able argument of the counsel for the appellees. It is admitted that the jurisdiction of the District Court of the United States extends to "the collection of all the assets of the bankrupt." If, therefore, the conclusion of the Circuit Court is well founded, it can only be exercised at the forbearance of the State Courts. They would thus be converted into Courts with full power to administer all the provisions of the Bankrupt Act by withdrawing from the District Court the assets of the bankrupt, subjecting them to the supervision, management and control of a Court which has no jurisdiction "in matters and proceedings in bankruptcy." Such a consequence was never designed by the Act, which, by the face of its various provisions, taken as a whole, contemplated a uniform system by which the property of an insolvent might be disposed of by a single Court, "so as to secure the rights of all parties and due distribution of the assets among all the creditors." The marshaling of the different funds and assets implies their collection and retention by the Court, which is charged with their distribution

among the creditors. If they cannot, to this end, pursue their own remedies and modes of procedure, but are subject to restriction through the process of a State Court, the jurisdiction vested "in the Courts of the United States of all matters and proceedings in bankruptcy" would not be "exclusive."

Mr. Bump, in his Law and Practice of Bankruptcy, at page 162, (eighth edition,) says: "The property and estate of the bankrupt, so far as any interference therewith is concerned, is thereby brought *eo instanti* into the Court of Bankruptcy and placed in its custody and under its protection as fully as if actually brought into the visible presence of the Court. Its jurisdiction is superior and exclusive in all matters arising under the statute. No Court of an independent State jurisdiction can withdraw the property surrendered, or determine in any degree the manner of its disposition." At page 199, he says: "The jurisdiction of the Bankrupt Court is exclusive of the Courts of the several States, extends over the bankrupt, his estate, and all parties and persons connected therewith. The estate surrendered is placed in the custody and under the protection of the Court of Bankruptcy as fully as if brought in its immediate possession, and the officer appointed to manage it is accountable to the Court appointing him, and to that Court alone."

Numerous cases might be cited to show that the jurisdiction of a District Court of the United States, sitting as a Court of Bankruptcy, is superior and exclusive in all matters arising under the statute; that the estate surrendered is placed in the custody of the Court so sitting in bankruptcy, and the officer appointed to manage it is accountable to the Court appointing him, and to that Court alone, and that no Court of an independent State jurisdiction can withdraw the property surrendered or determine in any degree the manner of its disposition. Of these, it is enough to refer to *In re Barrow*, 1 B. R., 481; *In re Vogel*, 2 B. R., 427, S. C.; 7 Blatch, 18; *Pennington* vs. *Sale & Phelan, ib.*, 572; *Buckingham* vs. *McLean*, 13 How., 151; *Watson* vs. *Citizens' Savings Bank*, 11 B. R., 161.

The Bankrupt Act of 1841 did not confer as full and explicit powers on the District Court in its administration as are granted by that of 1867. Mr. Justice Story, in his able opinion in *Ex parte Christy*, (3 How., 292,) in which the powers of the said Court under the Act of 1841 are brought into examination, elaborately reviews

the whole subject, and his learned argument fully sustains the con-
clusions which he reaches as to the controlling powers of such,
Courts in the collection of the assets of the bankrupt, with a view
to a speedy close of the proceedings in such cases by the national
machinery, which is adequate to all the exigencies of the Act.

But, independent of the relation which the State and United
States Courts maintain to each other under the Bankrupt Act,
another principle intervenes which forbids any control by the State
Courts over the assets of the said bank now in the hands of its
trustee.   Where a Court, in the exercise of a competent jurisdic-
tion, takes possession of assets and places them in the hands of its
appointee, they are held by him as the officer of the Court, to be
administered only by its order.   They are in the possession of the
Court, and remain there until disposed of by its direction.   No
other Court can rightfully interfere with assets thus held.   The
officer is amenable to the Court for their safe custody, of which he
cannot be dispossessed by the act of any other tribunal.   His
possession, like that of a Receiver, is the possession of the Court,
and process against him in regard to them would be process against
the authority which appointed him, " and a Court will not allow
itself to be made a party in another Court."—*Angel* vs. *Smith*, 9
Ves., 335; *Johns* vs. *Claughton*, Jacobi C. R., 179; *Parker* vs.
*Browning*, 8 Paige, 388.   In *Real* vs. *Phipps*, (14 How., 365,) the
charter of a bank was adjudged forfeited by the laws of Mississippi
and a trustee appointed by the Circuit Court of that State for the
purpose of collecting its assets.   A petition was filed in the Circuit
Court of the United States for rent due and compensation for
injuries to certain real estate which the plaintiff had previously
recovered from the bank and of which they were in possession.
The trustee filed exceptions, one of which was that he had been
appointed by the Circuit Court of Mississippi for the purpose of
collecting the assets of the said bank and was not amenable to
any Court but the one which had appointed him.   The Circuit
Court of the United States overruled the exception, and its judg-
ment was reversed by the Supreme Court.   Chief Justice Taney,
delivering the opinion of the Court, said : " We see no ground upon
which the jurisdiction of the Court can be sustained.   The plaintiff
in error held the assets of the bank as the agent and Receiver of
the Court of Adams County and subject to its order, and was not
authorized to dispose of the assets or to pay any debts due from the

bank except by the order of the Court. The property in legal contemplation was in the custody of the Court of which he was the officer, and had been placed there by the laws of Mississippi; and while it thus remained in the custody of the Court, awaiting its order and decision, no other Court had a right to interfere with it or to wrest it from the hands of its agent and thereby put it out of his power to perform his duty." The judgment of the Court was in conformity with *Wiswall* vs. *Sampson*, decided at the same term. In *Freeman* vs. *Howe*, (24 How., 450,) it was held " that the possession of the Marshal was the possession of the Court, and that pending the litigation no other Court of merely concurrent jurisdiction could be permitted to disturb that possession."

It by no means follows, as is contended on the part of the appellee, that because the assignee or trustee may have the aid of the State Courts for the collection of the debts which he holds by virtue of his appointment, he is amenable to the control of such Courts, in regard to the management of the assets entrusted to his care by the Court under whose authority he holds them. It is true, "if the aid of the State Court is demanded by an assignee to recover property, he must submit to the terms prescribed, and recover or not, as the principles of law and equity bearing on the rights of the contesting party demand."

He is estopped in such "a case to deny the jurisdiction of the State Court to decide the merits of the controversy."—*Pindell* vs. *Vimont*, B. Mon., 400. But its right to determine a controversy thus voluntarily submitted to its judgment by an assignee does not confer the power to interfere with the assets in his hands not drawn in question by the issues submitted to it. " The assignee can properly institute a suit in a State Court only under the direction of the District Court."—*Chenning Canal Bank* vs. *Judson*, 8 N. Y., 254. And where he does submit one it is always supposed to be by its permission, for even after institution it may compel its discontinuance. The right of the assignee to entertain a suit in the State Courts in regard to the assets of the bankrupt does not imply a correlative liability to be enjoined by the process of the said Courts from their collection. Where he claims as plaintiff he is in the execution of a duty imposed by the Act; but if as a defendant he can be controlled by the process of the State Courts, the administration of the assets may be withdrawn entirely from the Court entrusted with it by the statute and transferred to a jurisdiction not within its intention or design.

By one of the provisions of the Act, the assignee may, if he requires it, be admitted in his own name to prosecute an action pending at the time of the commencement of the proceedings in the name of the bankrupt, for the recovery of a debt or other things which might or ought to pass to the assignee by the assignment; and if any suit at law or in equity in which the bankrupt is a party in his own name is then pending, the assignee may defend the same with like effect as it might have been defended by the bankrupt. Mr. Bump, in his treatise, 137, says: "The power of State Courts to proceed with pending suits is thus, under certain prescribed limits, recognized by the statute itself." But even this provision is not compulsory on the assignee. In the opinion of the Court, in *Traders' National Bank* vs. *Campbell,* (14 Wall., 95,) Mr. Justice Miller says: "It is said that the assignee should have applied to the State Court for an order on the Sheriff to pay over the proceeds of the execution to him. But it cannot be maintained that the assignee who is pursuing the assets of the bankrupt in the hands of third parties is bound to resort to the State Courts because there is a litigation there pending. The language of the 16th Section, that the assignee may prosecute and defend all suits pending at the time of the adjudication of bankruptcy in which the bankrupt is a party does not *oblige* him to seek a remedy in that way." So even where the assignee may prosecute or defend a suit pending at the time of adjudication, brought by or against the bankrupt, he is not compelled to resort to the State Courts thus having cognizance of the action and abide by its judgment, but may apply directly for relief to the District or Circuit Court, as the character of his case may require.

It would seem to follow, as a legitimate and necessary consequence, that if, under the statute, the State Courts are not permitted to retain cognizance of causes pending against the bankrupt in regard to his property at the time when he is so adjudged without the consent of his assignee to become a party thereto, they would be without jurisdiction to compel him by their process to appear as a defendant in suits brought to affect the assets entrusted to his charge by the District Court. His position would indeed be anomalous, if he cannot be made a party to a suit pending in a State Court against the bankrupt in relation to his estate, that he may be brought into the same Court by original process issued against himself in regard to the same subject matter. Such consequences are too contradictory to be legitimate results of the statute.

While the State Courts must be permitted to administer their functions to the full extent provided by the Constitution, to which they owe their origin, without encroachment, the lines which separate them from the jurisdiction of the Federal Courts must be duly regarded and respected. An infringement of the powers of either would only lead to a conflict which would impair both their dignity and usefulness.

The motion to reverse the order overruling the demurrer is granted, and the complaint dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.