## CURRAN *v.* CRAIG.[1]

*(Circuit Court, E. D. Missouri.   October 14, 1884.)*

1. PATENTS—LICENSE—RECEIVER.
   A license to construct and use a patented invention is personal to the licensee, and the receiver of a firm to which such a license has been granted, will not succeed to the firm's right.
2. LIABILITY OF RECEIVERS FOR UNLAWFULLY TAKING POSSESSION OF PROPERTY.
   Where a demand against a receiver does not involve the administration of the trust committed to him, but arises from his having taken unlawful possession of property not included in the trust, a suit will lie against him personally as for a trespass, even though he took possession of such property under an order of court.
3. PRACTICE—COMITY OF COURTS.
   In such cases, where the receiver has acted under an order of a state court in taking possession of the property, an application should be made to such court to correct its order before resorting to an action of trespass on the case in a federal court.
4. SAME.
   If that course is not followed, the federal court will suspend proceedings before it until the application to the state court is made, in order to avoid a conflict of jurisdiction.

At Law.

*Krum & Jonas,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

TREAT, J.   This is an action on the case for an infringement of a patent, to which there is interposed a plea to the jurisdiction.   To that plea a demurrer is filed.   The plaintiffs conveyed to the copartnership of Hill, Nall & Co. the right to construct and continually use two kilns or dry-houses named.   Said copartnership constructed and used said kilns, and thereafter the circuit court of St. Louis, in a case pending before it, appointed the defendant a receiver for said copartnership, directing him to continue the business of the said firm until further orders of that court, and to use all the machinery and appliances pertaining to the business of said firm, *including the two kilns aforesaid.*   The defendant, under said order, has used said kilns accordingly.   The defendant has operated said kilns only as receiver, pursuant to said order, and no leave of said court has been obtained to sue him therefor.

This plea to the jurisdiction may be technically defective, inasmuch as it involves the merits of the case, as well as the jurisdiction of this court.   Without disposing of the case on such narrow considerations, it may be well to determine the rights of the respective parties.   The case of *Oliver* v. *Rumford Chem. Works,* 109 U. S. 75, S. C. 3 Sup. Ct. Rep. 61, apparently decides that a license is personal to the licensee, whereby an executor, administrator, or assignee, voluntary or *involuntary,* does not succeed to the privilege of the grant.   If that be so,

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

the order of the state circuit court including the two kilns in question was improvident. If the subject were undecided by the United States supreme court, it might be worthy of serious consideration whether, under the patent.laws, there is not a clear and positive distinction between an assignment or conveyance of an exclusive interest in the patent, or a mere license to use a single patented machine. Thus, a patentee may accept or convey any portion of his interest for any specified district of country *exclusively*, which assignment or conveyance must be recorded in the patent-office. Does the section of the statute referred to cover a license to use a specified machine? Were the case to be determined irrespective of said decision of the United States supreme court, this court would hold otherwise.

It is urged in the plea that the defendant is a receiver, acting under the orders of the state court, and consequently no suit can be maintained against him without leave of said court. It has been held by the supreme court, where the demand against said receiver does not involve the administration of the trust lawfully committed to him, but that he has taken unlawful possession of property not included in the trust, a suit will lie against him personally as for a trespass. The doctrines involved in this proposition are considered in the cases of *Hartell* v. *Tilghman*, 99 U. S. 547, and *Barton* v. *Barbour*, 104 U. S. 126. The distinction is that where a receiver is sued as such, whereby the assets in his hands must respond to the judgment, permission to sue him must be first had of the court under which he is administering the assets intrusted to him. On the other hand, where he has taken possession of property not rightfully belonging to his trust in an administrative capacity, whether as United States marshal, sheriff, administrator, or otherwise, he is personally responsible for the trespass committed. While the ultimate rights of the parties have thus been considered, another question remains. Does not the comity of courts demand that an application should first be made to the state court, that may have made an improvident order, to correct the same, in order to avoid an unseemly conflict of jurisdiction, instead of resorting to the sharp process of an action of trespass on the case? Would not the state court protect its assignee by charging the estate with the damages resulting from its officer's obedience to its orders? It seems to this court that the better practice would be for the plaintiffs to ask the state court to modify its order with regard to the two kilns in question. The defendant at present is an officer of the state court, and although not specifically named as such in plaintiffs' petition, he by the plea appears to be such an officer, acting innocently under the positive orders of that tribunal.

In accordance with these views, this court withholds judgment on the demurrer until the plaintiffs make the suggested application to the state court for a modification of its order. Thus an unseemly conflict can be avoided, and the rights of the respective parties preserved.