BAKER v. AULT et al.

(Circuit Court, D. Washington, N. D.  February 5, 1897.)

FEDERAL COURTS — INJUNCTION AGAINST PROCEEDINGS IN STATE COURT — INSOLVENT NATIONAL BANKS.

When a valid judgment has been obtained in a state court against a national bank, and the lien thereof has attached to its property, before the appointment of a receiver, Rev. St. § 720, applies to prohibit the issue of an injunction by a federal court, at the suit of the receiver, to restrain the enforcement of such judgment.

Stratton, Lewis & Gilman, for complainant.
F. M. Headlee, for defendants.

HANFORD, District Judge.   This is a suit for an injunction to restrain the defendants from proceeding to obtain satisfaction of a judgment in their favor against an insolvent national bank by a sale of real estate under a writ of execution.   The judgment was rendered by the superior court of the state of Washington for Snohomish county, and became a lien upon real estate owned by the bank situated in said county, prior to the closing of the bank.   The plaintiff, as receiver of said bank, claims the land as part of the assets in his custody as receiver, and that there will be a loss to the trust estate if the defendants are permitted to sell the property under an execution.   Section 720, Revised Statutes of the United States, provides that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This is a mandatory law, prohibiting the exercise by the federal courts of the power to issue injunctions to stay proceedings in any court of a state except in special cases, when authorized by some other law.   I find it unnecessary to consider the other questions argued by counsel, for the reason that this statute is applicable to this case, and it must control the decision.   Where a judgment has been obtained by fraud, or rendered by a court having no jurisdiction, a United States circuit court may exercise its power to restrain a party from taking any benefit from a judgment so obtained, or rendered in his favor.   Marshall v. Holmes, 141 U. S. 589–601, 12 Sup. Ct. 62. But in the case at bar the validity of the judgment is not brought into question, and it is admitted that a judgment lien attached to the property before the receiver was appointed.   I can find no ground for excepting this case from the rule prescribed by the statute.   If the receiver wishes to save the property from being sacrificed by an execution sale, he must discharge the lien by satisfying the judgment, or else apply to the court which rendered the judgment to stay proceedings.   Let there be a decree of dismissal, with costs.