## CHICAGO, R. I. & P. RY. CO. v. ST. JOSEPH UNION DEPOT CO.

(Circuit Court, W. D. Missouri, St. Joseph Division. January 31, 1898.)

1. JUDGMENT—EFFECT AS ADJUDICATION—SUIT ON DIFFERENT CAUSE OF ACTION.

 While a judgment is an absolute bar to a second suit between the parties on the same cause of action as to all matters which were, or which might have been, litigated in the suit, where the second suit is on a different cause of action, a different rule applies, and the effect of the former judgment as an estoppel is limited to matters which were actually litigated and determined.

**2.** JURISDICTION OF FEDERAL COURTS—ENJOINING SUITS IN THE STATE COURTS.
Under Rev. St. § 720, a federal court has no power to enjoin the maintenance of an action in a state court on the ground that it has in a former action between the same parties adjudicated the questions involved, where the state suit is on a different cause of action; the effect of the federal judgment as an estoppel in such case being a matter of evidence which the state court has the right to determine, its judgment, if it fails to give due faith and credit to the federal judgment, being reviewable by the supreme court of the United States.[1]

On Motion for Temporary Injunction.

Karnes, Holmes & Krauthoff, for plaintiff.

Spencer & Mossman, Frank Hagerman, and Willard P. Hall, for defendant.

ADAMS, District Judge. This is a motion for a temporary injunction to restrain the defendant from prosecuting certain suits already instituted by it in the state court, and to restrain it from instituting other suits alleged to be threatened by it. The facts, as shown by the bill, exhibits, and affidavits filed, are substantially as follows: The defendant claiming to have a cause of action against the complainant for certain installments of rent due defendant for use of its depot in St. Joseph for the months of May, June, July, August, and September, 1897, amounting in the aggregate to $1,997.89 on the 18th day of December, 1897, instituted a suit in the circuit court of Buchanan county to recover the same. At a later date the defendant, claiming to have another cause of action against complainant for like installments of rent due it for the use of its depot by complainant for the months of October, November, and December, 1897, aggregating the sum of $1,599.54 on the ——— day of January, 1898, instituted another suit in said circuit court of Buchanan county for this last-named amount. The rent thus sued for in each of said actions was, under the contract claimed by defendant to create its right thereto, due and payable in monthly installments. It further appears from the bill and affidavit filed by the defendant that the defendant has given out and now threatens to continue to institute suits against the complainant for such rent whenever the amount due reaches a sum near to, but not exceeding, $2,000 (which would be every three or four months). Complainant claims that, according to the true interpretation of divers contracts and conveyances through which it claims a right to such rent, it is not indebted to the defendant therefor at all; in other words, that it has a sufficient defense to the suits so instituted and to such as are so threatened. Among other defenses which it claims to have is this: That in April, 1897, defendant instituted a suit against it in the circuit court of Buchanan county for several installments of said rent then alleged to be due and unpaid, predicating its right to recover upon the same grounds as are alleged in the two suits instituted as first herein stated (which, for brevity's sake, will hereafter be called "state suits"); that said suit, which will hereafter be called the "federal suit" was duly removed to this court, and upon a

[1] As to enjoining suits in state courts, see note to Garner v. Bank, 16 C. C. A. 90.

trial upon its merits was, prior to the institution of the state suits, adjudged in favor of complainant. This judgment, complainant claims, is a conclusive estoppel, upon the principle of res adjudicata, of defendant's right to rent as sued for in the state suits, and as threatened to be sued for in the future.

Complainant contends that the judgment of this court so rendered is res adjudicata of the questions involved in the state suits, and that for this reason this court ought to enjoin the further prosecution of the state suits. The defendant, on the other hand, claims that by the exhibits and affidavits presented on this motion it appears that the state suits now sought to be enjoined are different in their causes of action, and raise different issues, from those involved in the federal suit so decided in this court, and that, therefore, such suit is not res adjudicata of the state suits. It is not claimed by complainant's counsel that the causes of action attempted to be litigated in the state suits are either of them for the same cause of action as that litigated and determined in the federal suit. The most that is claimed is that the right of the parties was so fixed in the federal suit that any other cause of action depending upon a consideration of the same facts is barred thereby. Such being the facts, it is clear that the judgment in the federal suit is not an absolute bar to recovery in the two state suits. It operates as an estoppel only concerning those matters in issue, or points controverted, upon the determination of which the judgment was rendered. Mr. Justice Field, speaking for the supreme court of the United States in Cromwell v. Sac Co., 94 U. S. 353, says:

"In all cases where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be made as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

The federal suit was for the rent of the depot for certain months. If an action were subsequently brought by the same party for the rent of the depot for the same months, the former judgment would constitute an absolute bar to such prosecution. It would be a "finality upon that cause of action concluding parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." 2 Black, Judgm. § 506. If, on the other hand, an action be subsequently brought, like the state suits now in question, seeking recovery of rent for different months, a different effect is given to the former judgment. Its effect and extent as an estoppel must depend upon a consideration and determination of the similarity of the issues actually tried, and this involves a consideration of the record on which the judgment in the first case was rendered, and a comparison thereof with the issues presented in the subsequent cases. For these reasons, a judgment pleaded as res adjudicata in a suit upon a different cause of action, involving a contest as to its force and effect, must be brought to the attention of the court in the form

of evidence. 2 Black, Judgm. § 506; 1 Herm. Estop. Res. Jud. § 106; Cromwell v. Sac. Co., 94 U. S. 351. Its force and effect are essentially evidential.

Such being the case, is complainant entitled to an injunction staying the prosecution of these state suits? Section 720, Rev. St. U. S., is as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in the cases where an injunction may be authorized by any law relating to proceedings in bankruptcy."

It is settled by repeated adjudications of the supreme court that this section does not apply to such proceedings in state courts as are instituted for the purpose of hindering or obstructing the federal court in the proper exercise of jurisdiction already acquired by it. French v. Hay, 22 Wall. 250; Dietzsch v. Huidekoper, 103 U. S. 494. In these cases, and in others to which my attention has been called, the court treats the bill as ancillary to the suit of which it first acquired jurisdiction, and in which it rendered a judgment, or pronounced a decree, and awards an injunction to make effectual such judgment or decree; otherwise, the state courts might attack and entirely annul the judgment of the federal court, and take away from suitors the substantial fruits of a victory achieved. In order, therefore, to enforce its own jurisdiction, and afford the full relief adjudged by it to suitors, the federal courts may award an injunction against proceedings in a state court, notwithstanding the prohibition of section 720. In other words, section 720, when properly construed in the light of other acts of congress conferring jurisdiction upon federal courts, has no application to such proceeding. Accordingly, I believe that an injunction could and should be granted to complainant, if the defendant were attempting, by the use of state courts, to prevent the enforcement of the judgment rendered in the federal suit. The federal court had full jurisdiction over the parties in that cause, and adjudged the controversy between them. Its process should go accordingly, and any interference with it should be rigorously stayed by the strong arm of its chancellors.

But does the principle which warrants injunctive relief in such case apply to suits of the character of the state suits now under consideration? As already stated, the causes of action sued on in the state suits are each for installments of rent for the use of the depot, accrued since those which were the subject of the federal suit. Not only so, but a comparison of the pleadings in these cases discloses that the defendant plants itself on a different contract, at least one alleged to have been made at a different time than that relied upon in the federal suit. Manifestly, then, the judgment in the federal suit is not, and cannot be, an absolute bar. It is an estoppel only in so far as the points or questions actually litigated and determined in it are the same as those which arise in the state suits. The existence and extent of the estoppel, if any, must, therefore, be determined by evidence; that is, by the record and proceedings in the former suit. The limitation upon the operation of section 720, supra, created by judicial interpretation and construction,

as already seen, solely for the purpose of protecting and conserving the jurisdiction of the federal courts in appropriate cases, cannot, in my opinion, be extended so as to vest in the federal judiciary the power to grant an injunction in violation of the express language of the section, for the purpose of placing its own interpretation upon the force and effect of evidence which may be offered as a defense to another suit on a cause of action different from that in which it rendered the judgment. Dial v. Reynolds, 96 U. S. 340; Sargent v. Helton, 115 U. S. 348, 6 Sup. Ct. 78.

Again, it is not necessary to exercise the jurisdiction now invoked in order to secure to the complainant the full benefit of the constitutional provision requiring full faith and credit to be given in each state to the public acts, records, and judicial proceedings of every other state. It is familiar doctrine that this constitutional provision requires full faith and credit to be given in each state to the judicial proceedings of federal courts, as well as courts of the state. Therefore, when the state suits now under consideration shall be brought on for trial, it will be the duty of the state court to give full faith and credit to the judgment of this court rendered in the federal suit; and whether such due effect be given to the judgment of this court will be a federal question, and, if decided against the complainant in this case, may be taken to the supreme court of the United States on a writ of error. Crescent City Live-Stock Co. v. Butchers' Union Slaughter-House Co., 120 U. S. 141, 7 Sup. Ct. 472.

For the foregoing reasons, I am of the opinion that the complainant is not entitled to a temporary injunction to restrain the prosecution of the two cases already instituted against it in the circuit court of Buchanan county, as prayed for in its bill.

By agreement of the parties the other question presented by the pending motion will be disposed of on final hearing.