JAMES et al. v. CENTRAL TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Fourth Circuit. November 9, 1899.)

No. 289.

1. JUDGMENTS—PARTIES WHO ARE BOUND BY—REPRESENTATION OF STOCKHOLDER BY CORPORATION.

In the absence of fraud or collusion, a stockholder in a railroad company is represented by the corporation in a suit against it for the foreclosure of a mortgage on its property, and is bound by the decree therein, and by a sale of the property made under such decree.

2. FEDERAL COURTS—INJUNCTION AGAINST PROCEEDINGS IN STATE COURT.

A circuit court of the United States is not prevented by Rev. St. § 720, from granting an injunction against a proceeding in a state court, where necessary to render effective its own decree; and where it has rendered a decree foreclosing a mortgage upon a railroad, and has sold the property thereunder, it has jurisdiction, as ancillary to such suit, to entertain a bill by the purchaser to enjoin a stockholder of the mortgagor company from maintaining a suit in a state court against such company to place the road in the hands of a receiver, in disregard of the decree of the federal court, by which he is bound, and of the rights of the purchaser thereunder.[1]

3. SAME.

A judgment creditor of a railroad company, whose cause of action arose after a sale of its road by a federal court in foreclosure proceedings, and who is seeking by a suit in a state court to enforce his judgment against the road under a state statute, cannot be said to be asserting rights claimed under any party to the decree of the federal court, so as to be bound by such decree; and that court cannot, in view of Rev. St. § 720, enjoin him from maintaining such suit in the state court, nor can it compel him, by supplementary proceedings instituted by the purchaser of the road, to submit his rights to that court for adjudication.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

This is an appeal by the respondents below from a decree of the circuit court of the United States for the Western district of North Carolina, granting an injunction against S. T. Pearson, Mrs. Clemye James, administratrix of W. A.

---

[1] As to enjoining proceedings in state courts, see note to Garner v. Bank, 16 C. C. A. 90, and, supplementary thereto, note to Trust Co. v. Grantham, 27 C. C. A. 575.

James, and Mrs. Fannie E. Howard, administratrix of J. H. A. Howard, their agents and attorneys, enjoining the said S. T. Pearson and said Clemye James, administratrix, from proceeding any further in the prosecution of an action set out in the bill of complaint, depending in the superior court of Rowan county, wherein the said S. T. Pearson and said Mrs. James, administratrix, were plaintiffs, and the Western North Carolina Railroad Company defendant, and enjoining Mrs. Fannie E. Howard from instituting any action or proceeding such as the plaintiffs James and Pearson had begun, and from beginning or taking any action for a similar purpose, and enjoining all said persons and their agents and attorneys from in any manner interfering with the property of the Western North Carolina Railroad Company, or the Southern Railway Company, or with the franchise purchased at the foreclosure sale, and owned and possessed by the said Southern Railway Company. The facts necessary to an understanding of this appeal are as follows: The Western North Carolina Railroad Company was originally chartered by North Carolina in 1854-55, to build and operate a railroad within that state. In 1880, by an act of the legislature, the corporation was reorganized, and on September 1, 1884, the company executed a first mortgage to the Central Trust Company of New York to secure bonds to the amount of $3,856,000, and on September 2, 1884, executed a second mortgage to the same trust company to secure bonds to the amount of $4,110,-000. On April 30, 1886, the company leased its road for 99 years to the Richmond & Danville Railroad Company, a Virginia corporation, and the said lessee company took possession of the railroad property, and operated it until 1892, when, the Richmond & Danville Railroad Company having become insolvent, the property went into the hands of receivers appointed by the circuit court of the United States for the Western district of North Carolina. On April 20, 1894, the Central Trust Company of New York filed in the circuit court of the United States for the Western district of North Carolina its bill to foreclose the second mortgage made to it by the Western North Carolina Railroad Company, and such proceedings were had that a decree of foreclosure of the second mortgage and sale was entered May 2, 1894. On August 21, 1894, the railroad property and franchises of the said Western North Carolina Railroad Company were sold under said decree, subject to the first mortgage, to the Southern Railway Company, a Virginia corporation. On August 22, 1894, the sale was confirmed, and the court accepted the Southern Railway Company as purchaser, and directed that possession of the property be delivered to it, and proper deeds of conveyance executed, subject to the first mortgage, and reserving to the court the right to retake and resell the property if the Southern Railway Company should fail to discharge the debts, liens, or claims which the court should decree to be paid out of the purchase money in preference to the debt secured by the mortgage foreclosed. The Southern Railway Company thereupon was put in possession of the said railroad property, and has ever since operated it as a part of its system of railroads. In 1897,—three years after the railroad was sold and conveyed to the Southern Railway Company,—Mrs. James, administratrix of her husband, brought an action in the superior court of Rowan county against the Western North Carolina Railroad Company for the negligent killing of her husband, who was engine driver of a locomotive on the said road in the employment of the Southern Railway Company, and who was killed in 1896, about two years after the foreclosure sale. In said court a verdict was recovered for $15,000, and on appeal to the supreme court of North Carolina it was held (James v. Railroad Co., 121 N. C. 523, 28 S. E. 537) that the Western North Carolina Railroad Company, as a corporation under the laws of North Carolina, was still in existence, and was still liable for damages caused by the maladministration of the railroad by the Southern Railway Company, and that the railroad property itself in the possession of the Southern Railway Company could be held liable for such damages, and judgment was entered upon said verdict against the Western North Carolina Railroad Company. A judgment on a similar cause of action was also recovered in the same court by Mrs. Howard for the negligent killing of her husband, who was a fireman in the employment of the Southern Railway Company. The James judgment having been directed to be entered by the supreme court of North Carolina, and that court having ruled that, notwithstanding the foreclosure sale, the property of the railroad was liable for the damages for which she had recovered judgment, Mrs.

James, together with S. T. Pearson, instituted a proceeding in the superior court of Rowan county, setting forth the recovery of the judgment against the Western North Carolina Railroad Company, and alleging, among other things, that the Western North Carolina Railroad Company was insolvent, and the Southern Railway Company, for reasons therein stated, was also insolvent; that the mortgages put upon the railroad property, both by the Western North Carolina Railroad Company and by the Southern Railway Company, were invalid; and praying that a permanent receiver be appointed to take possession of the franchise and property of the Western North Carolina Company, and run the railroad under the orders of the court. The scope of the bill of complaint filed in the superior court of Rowan county was very broad. It was filed not only on behalf of Mrs. James, in an effort to subject the railroad property to the payment of her judgment, but was filed also on behalf of all stockholders of the Western North Carolina Railroad who claimed not to have assented to its reorganization, and all creditors of that company; and one of the complainants was S. T. Pearson, a holder of a share of the original capital stock of the company. The bill alleged that the reorganization, in 1880, of the Western North Carolina Railroad Company, was illegal, and in disregard of the rights of certain stockholders; that the Western North Carolina Railroad Company had abdicated its duty as a corporation, and had, without authority of law, permitted the Southern Railway Company to take possession of its roadbed, property, and franchise; that the pretended title of the Southern Railway Company to the franchise and property of the Western North Carolina Railroad Company was null and void; that the rolling stock and movables of the two railroad companies had been commingled so that the property of the Western North Carolina Railroad could not be identified; that Pearson and certain stockholders of the Western North Carolina Railroad Company had not assented to the reorganization of the Western North Carolina Railroad, and were entitled to hold their stock discharged from any lien created by either of said mortgages to the Central Trust Company of New York (if any lien was created by either of said deeds), and were entitled to have a receiver appointed to collect a fair rental for the franchise and property of the said Western North Carolina Railroad Company from the corporation or persons now operating the road. And on behalf of creditors it was alleged that, by reason of the fraudulent concealment of the property of the Western North Carolina Railroad Company by the Southern Railway Company, the said judgment creditor was unable to distinguish the rolling stock of the Western North Carolina Railroad Company, and subject it to execution, and that the pretended sale under said second mortgage executed by the Western North Carolina Railroad Company to the Central Trust Company of New York had cast a cloud upon the title to the franchise and property of the Western North Carolina Railroad Company. And the bill prayed for a permanent receiver to take charge of the franchise and property of the said Western North Carolina Railroad Company, and operate it under the orders of court; and that a referee be appointed, before whom all stockholders might prove the number and nature of their shares of stock, and all creditors might prove the value and character of the indebtedness of the Western North Carolina Railroad Company; and that the referee might report what claims constituted liens upon the property and franchise of the Western North Carolina Railroad Company. Thereupon the Central Trust Company of New York and the Southern Railway Company of Virginia filed in the above-mentioned foreclosure suit in the circuit court of the United States for the Western district of North Carolina their supplementary petition and bill of complaint, setting forth the foregoing proceedings in the superior court of Rowan county, alleging that notice had been given requiring the Western North Carolina Railroad Company to show cause before said court why a receiver should not be appointed of said railroad property, and alleging that said proceeding was intended to take from the possession of the Southern Railway Company the property sold to it under the foreclosure decree, and to have that sale and the conveyance thereunder declared null and void. The answer of the respondent James to this supplemental bill alleges, among other things, that the Southern Railway Company, being a Virginia corporation, had no power to acquire the title to the railroad and the franchise of the Western North Carolina Railroad Company, and that the Southern Railway Company acquired no title by its purchase.

The answer of S. T. Pearson adopts the answer of his co-respondent James, and the answer of Mrs. Howard is, in material matters, substantially the same. The cause came on to be heard upon the pleadings and exhibits, and the circuit court of the United States for the Western district of North Carolina entered its decree awarding the injunction as prayed. 89 Fed. 24. The respondents appealed, and the decree is before us upon their assignments of error.

A. C. Avery (B. F. Long and Lee S. Overman, on the brief), for appellants.

Charles Price, for appellees.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

MORRIS, District Judge (after stating the facts as above). In the bill of complaint in the superior court of Rowan county, filed by S. T. Pearson and Mrs. Clemye James, on behalf of themselves and other creditors and stockholders of the Western North Carolina Railroad Company, praying for a permanent receiver, two classes of claimants are inextricably mingled: First, the stockholders of the Western North Carolina Railroad Company; and, second, the creditors who have become such since the second mortgage was foreclosed and the Southern Railway Company became the purchaser, and since the railroad property, by order of the United States circuit court, was delivered to it. However effectively it might be urged that creditors whose causes of action came into existence two years after the foreclosure sale have a right to prosecute their rights in any court that has jurisdiction, it seems clear to us that the stockholders of the Western North Carolina Railroad Company were parties to the foreclosure suit, and are bound by its decree, and that any proceeding on their part to reclaim the property sold under the decree must be made in the court in which the decree was entered. The contention of the stockholders is that the mortgage deed on which the decree was based was null and void as against them, and that by the decree and the sale thereunder their rights were not affected, and that they have a right to have a receiver appointed to retake the property from the purchaser. The bill of complaint does not so much as make the Southern Railway Company, the purchaser under the foreclosure decree, now in possession of the property, a party to the case, but ignores the foreclosure proceedings as of no effect as to these complaining stockholders.

So far as the stockholders are concerned, the correctness of the decree below depends upon two questions: First, are they bound and estopped by the foreclosure decree? and, second, is this a case in which the circuit court of the United States has jurisdiction, as against a party to the foreclosure suit, to make its decree effective by injunction, notwithstanding the prohibition of section 720 of the Revised Statutes, prohibiting the granting of an injunction by a court of the United States to stay proceedings in any court of a state? It is settled that in a suit to foreclose a mortgage executed by a corporation, where there is no fraudulent collusion, the corporation represents all its stockholders, and that a decree against it binds them. Railroad Co. v. Howard, 7 Wall. 392–406, 19 L. Ed.

117; Hawkins v. Glenn, 131 U. S. 319–329, 9 Sup. Ct. 739, 33 L. Ed. 184; Sanger v. Upton, 91 U. S. 56–59, 23 L. Ed. 220; Furnald v. Glenn, 12 C. C. A. 27, 64 Fed. 49–53. S. T. Pearson and the other stockholders are attempting to assert in the state court the very same right which was involved in the foreclosure suit against the Western North Carolina Railroad Company, and which was cut off and foreclosed by the decree and sale. The relief asked by the supplementary bill filed by the purchaser in the United States circuit court is to prevent the parties thus decreed against from retaking the railroad property in disregard of the court's decree. In Dietzsch v. Huidekoper, 103 U. S. 494, 497, 26 L. Ed. 497, it is said, "A court of the United States is not prevented from enforcing its own judgments by the statute which forbids it to grant a writ of injunction to stay proceedings in a state court;" and in that case an injunction restraining the enforcement of a judgment of a state court in a replevin suit was sustained, because the effect of enforcing the judgment in the state court would be to defeat the judgment of the federal court, which had jurisdiction of the subject-matter. In Root v. Woolworth, 150 U. S. 401, 411, 14 Sup. Ct. 136, 37 L. Ed. 1123, a decree had been entered in a circuit court of the United States in a suit to quiet title in favor of one Morton establishing his right to certain land as against Root. Afterwards, notwithstanding this decree, Root, claiming by the same title as before, re-entered, and took possession. Morton's title had been conveyed to Woolworth, and he filed his supplementary and ancillary bill asking that Root be enjoined from asserting any claim of title to the land, and from interfering with Woolworth's sole and exclusive possession. This bill, although filed long after the original decree, and by the assignee of the original complainant, was sustained as a proper exercise of the jurisdiction of courts of equity to make their decrees effective by injunction and writs of assistance. It seems quite clear to us that the injunction granted in the present case against S. T. Pearson was proper, and was within the jurisdiction of the circuit court, as ancillary to the original decree of foreclosure, and for the purpose of making that decree effective against persons who were bound by it.

Whether the circuit court had jurisdiction, and could, notwithstanding section 720 of the Revised Statutes, enjoin Mrs. James and Mrs. Howard from proceeding with the suit entered by them, or any similar suit, or from in any manner interfering with the property of the Western North Carolina Railroad or the Southern Railway, purchased at the foreclosure sale, is, to our minds, quite a different question. The rule that a sale of real estate under judicial proceedings concludes no one who is not in some form a party to the proceedings (Dupasseur v. Rochereau, 21 Wall. 130–135, 22 L. Ed. 588) has been applied by the supreme court of the United States to a foreclosure sale of telegraph lines (United Lines Tel. Co. v. Boston Safe-Deposit & Trust Co., 147 U. S. 431–448, 13 Sup. Ct. 396, 37 L. Ed. 231), and to a foreclosure sale of a railroad (Pittsburgh, C., C. & St. L. R. Co. v. Long Island Loan & Trust Co., 172 U. S. 493–515, 19 Sup. Ct. 238, 43 L. Ed. 528). Neither Mrs. James nor Mrs.

Howard could be said, we think, to have been in any sense a party to, or claiming under any party to, the foreclosure suit, or bound by it. Whatever rights they have accrued to them three years after the sale, and had no connection whatever with the rights which were adjudicated by the decree. It may be, notwithstanding anything adjudicated by that decree, that under the laws of North Carolina the Western North Carolina Railroad Company was answerable to them for the damages for which they obtained their judgments, and the railroad, now in possession of the Southern Railway Company, also liable. Those are questions not litigated in the foreclosure suit, and which the appellees, in our judgment, could not, by this supplementary and ancillary proceeding, compel Mrs. James and Mrs. Howard to bring before the circuit court. Sargent v. Helton, 115 U. S. 348, 6 Sup. Ct. 78, 29 L. Ed. 412; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345.

The sale to the Southern Railway Company under the foreclosure decree is a defense which can be pleaded in any state court, and, if the state court should fail to give that effect to the decree of the United States circuit court which the parties claiming under it are advised it should have, the law provides an appeal for the revision of that refusal by the supreme court of the United States. Dupasseur v. Rochereau, 21 Wall. 130–134, 22 L. Ed. 588; Bank v. Stevens, 169 U. S. 432–456, 18 Sup. Ct. 403, 42 L. Ed. 807; Crescent City Live-Stock Co. v. Butchers' Union Slaughter-House Co., 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; Pittsburgh, C., C. & St. L. R. Co. v. Long Island Loan & Trust Co., 172 U. S. 493–507, 19 Sup. Ct. 238, 43 L. Ed. 528. In the bill which was filed by Pearson and Mrs. James in the superior court of Rowan county on behalf of themselves and others, stockholders and creditors, the allegations on which relief is asked are largely based on the alleged invalidity of the mortgage foreclosed by reason of the supposed rights of Pearson and other stockholders, and it is charged that the pretended mortgage deeds and pretended foreclosure sale have cast a cloud upon the property sold, which makes it impossible for Mrs. James to realize her judgment claim. Thus it appears that the scheme of the bill is based, not upon the supposed right contended for in argument as the result of the opinion of the supreme court of North Carolina in James v. Railroad Co., supra, viz. that the old Western North Carolina Railroad Company continues to exist, and to be answerable for damages incurred in the operation of the railroad, and the railroad in the hands of the Southern Railway Company liable for the judgment, but upon the allegation that by reason of the rights of certain stockholders the mortgage foreclosed was invalid, and the foreclosure sale to be disregarded and treated as a nullity, and a receiver appointed in that collateral proceeding in another court, to take the property from the purchaser. It is not a creditors' bill, based upon legal and equitable rights as creditor, but a stockholder's bill, in which a creditor has joined, basing her claim to relief mainly upon the alleged invalidity of the mortgage foreclosed because of the nonassent of certain stockholders. At least this supposed ground of relief is the gravamen of the whole bill.

Without passing upon any other questions argued by counsel, and which we do not consider necessary to the decision of the case before us, we hold that the injunction, so far as it enjoins the further prosecution of the bill which was filed in the superior court of Rowan county, should be continued, and the decree, so far as it grants that injunction, should be affirmed, but that the decree should be so modified as not to prohibit Mrs. James and Mrs. Howard from proceeding as they may be advised with any other suit not based upon the supposed rights of stockholders with respect to enforcing their judgment claims. The cause is remanded, with directions to modify the decree in accordance with this opinion.