JAMES et al. v. CENTRAL TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Fourth Circuit. May 7, 1901.)

No. 358.

APPEAL—REMAND FOR MODIFICATION OF DECREE—REMEDY FOR MISCONSTRUCTION OF OPINION.

Where the circuit court of appeals affirmed a decree of a circuit court in certain respects, but remanded the cause for its modification in other respects to conform to the court's opinion, if the circuit court errs in construing such opinion the remedy is by appeal from the modified decree, and not by mandamus.

On Motion for Writ of Mandamus.

Chas. Price, for petitioners.
A. C. Avery, for respondents.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

108 F.—59

GOFF, Circuit Judge. At the November term, 1899, of this court the case of Clemye James, administratrix of W. A. James and others, appellants, against the Central Trust Company of New York and Southern Railway Company, appellees, an appeal from the circuit court of the United States for the Western district of North Carolina was disposed of. 98 Fed. 489, 39 C. C. A. 126. Said cause was remanded, with directions to modify the decree appealed from so as to cause it to conform to the opinion of this court then filed. In due time the mandate of this court issued to the court below, in the following words:

"It is now here ordered, adjudged, and decreed by this court that the decree of the said circuit court in this case be, and the same is hereby, affirmed, with costs, so far as it grants the injunction enjoining the further prosecution of the bill which was filed; but the said cause is remanded to the circuit court of the United States for the Western district of North Carolina, at Charlotte, with directions to modify the said decree in accordance with the opinion of this court."

At the December term, 1899, of the circuit court of the United States for the Western district of North Carolina, at Charlotte, a proposed decree was presented to said court (Hon. H. G. Ewart, district judge, presiding) by counsel for the appellees in said cause, the object of which was to secure the modification of the decree referred to in the manner directed by the opinion and mandate of this court. The said circuit court declined to enter said decree, and adjourned without having made the modification required by the mandate of this court. Whereupon application was made to this court, by petition in due form, for a mandamus requiring the said court to enter the decree referred to, and an order nisi was entered and served, to which answer has been made from which it appears that on the 23d day of April, 1900, a decree was entered in said cause by said judge, which he insists and which counsel for respondents now claim is in full harmony with the opinion of this court, and in entire conformity to its mandate. The insistence is still made by counsel for petitioners that the court below has mistaken the opinion of this court, and misconstrued its mandate; that there was nothing left open for decision by the court below; and that it was simply directed to enjoin forever the further prosecution of the suit that had been instituted in the state court, and that there are matters adjudicated by said decree that should not have been determined by said circuit court, as they were not included in the directions of the mandate.

A careful examination of the opinion, decree, and mandate of this court, in connection with the decree of the court below, leads us to the conclusion that the modification made by Judge Ewart is in fact a compliance with the mandate of this court, in so far as it forever enjoins the prosecution of the bill mentioned in the opinion and decree before alluded to, and while his decree, so far as it concerns the further proceedings by Mrs. James and Mrs. Howard, with such other suit as they may be advised it is proper (not based upon the supposed rights of stockholders) for them to prosecute, refers to some matters not set forth in the mandate and decree of this court,

still we do not find it to be our duty, in this proceeding at least, to say that it is error. This court, in its opinion disposing of said case, said:

"Neither Mrs. James nor Mrs. Howard could be said, we think, to be in any sense a party to the foreclosure suit or bound by it. Whatever rights they have accrued to them three years after the sale, and had no connection whatever with the rights that were adjudicated by the decree. It may be, notwithstanding anything adjudicated by that decree, that under the laws of North Carolina the Western North Carolina Railroad Company was answerable to them for the damages for which they obtained their judgments, and the railroad now in possession of the Southern Railway Company also liable. Those are questions not litigated in the foreclosure suit, and which the appellees, in our judgment, could not by this supplementary ancillary proceeding compel Mrs. James and Mrs. Howard to bring before the circuit court. * * * Without passing upon any other questions argued by counsel, and which we do not consider necessary to the decision of the case before us, we hold that the injunction, so far as it enjoins the further prosecution of the bill which was filed, should be continued, and the decree, so far as it grants that injunction, should be affirmed, but that the decree should be so modified as not to prohibit Mrs. James and Mrs. Howard from proceeding as they may be advised with any other suit not based upon the supposed rights of stockholders with respect to enforcing their judgment claims. The cause is remanded, with directions to modify the decree in accordance with this opinion."

Therefore, to a certain extent, the judgment and discretion of the lower court was asked for, and relied upon, by this court. As we have said, it appears that all the positive requirements of the mandate have been respected, and it is, we think, quite clear that if in the other provisions of the decree made in an effort to comply with the opinion of this court, taken in connection with the record of the case, a mistake in recital has been made, or an error of judgment committed, the writ of mandamus is not the remedy, but that an additional appeal must be sued out to correct the same. That it was proper for the circuit court to examine the opinion of this court for the purpose of ascertaining what was intended by the mandate is without question, and if that court erred in disposing of the matters remanded to it by this court, not specified in the mandate, the remedy is by appeal, and not by mandamus. In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; Hinckley v. Morton, 103 U. S. 764, 26 L. Ed. 458; Mason v. Pewabic Co., 153 U. S. 361, 14 Sup. Ct. 847, 38 L. Ed. 745; Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260. Writ of mandamus denied.