## In re GUTMAN et al.

(District Court, S. D. New York. May 8, 1902.)

**1. BANKRUPTCY—POSSESSION OF PROPERTY.**

The trustee being vested with the title of bankrupt as of date of the adjudication (Bankr. Act 1898, § 70), and possession of his property being then constructively in the bankruptcy court, the mortgagee of bankrupt, who thereafter takes possession of the mortgaged property, does not get legal possession, and no right of his is invaded by the trustee taking possession.[1]

**2. SAME—INJUNCTION AGAINST ACTION IN STATE COURT.**

A court of bankruptcy, under the power given it by Bankr. Act, § 2 (15), and General Order 12, cl. 3 (32 C. C. A. xvi, 89 Fed. vii), to stay proceedings in a state court, will enjoin action against the trustee, where it is clear the taking by him of bankrupt's property from plaintiff was not wrongful, as alleged, and continuance of the action will embarrass the administration of the estate.[2]

In Bankruptcy. Motion by trustee for injunction against action in state court.

Blumenstiel & Hirsch, for the motion.
David E. Grossman, opposed.

ADAMS, District Judge. This is a motion upon a petition by Robert A. Inch, formerly receiver and now trustee of the bankrupt estate, to restrain the prosecution of an action brought against him in a state court by Morris D. Kopple. The action is for the recovery of $800, damages alleged to have been caused to the plaintiff by the wrongful taking and carrying away from his possession of certain chattels which the plaintiff alleges were mortgaged to him on the 27th day of December, 1901, to secure a loan, and thereafter duly taken possession of by him under the terms of the mortgage. The action was not brought against Inch in his official capacity, but merely demanded a personal judgment.

The defendant seeks the protection of this court upon the allegation that he took possession of the property by virtue of his appointment as receiver by this court, and that leave of this court has not been obtained to sue him. He also alleges that the alleged mortgagee consented that the receiver should take possession of the property and sell the same, provided that it realized more than the amount of the claim of $800, and the fund should be subject to a lien for that amount. The petitioner also alleges that the property realized more than the stipulated amount, was turned over by him as receiver, and now held by him as trustee subject to the order of the court. The plaintiff in the action opposes the motion, denying the consent as alleged.

The fact that the petitioner was a receiver of a court would not ordinarily afford him immunity for a tortious act, such as is alleged here (Curran v. Craig [C. C.] 22 Fed. 101; Barton v. Barbour, 104

---

[1] See Bankruptcy, vol. 6, Cent. Dig. § 193 [e].

[2] Restraining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

U. S. 126, 134, 26 L. Ed. 672; Beach, Rec. § 654); and even if he were sued for his official acts, being a federal receiver, his contention that leave of court should first have been obtained could not be sustained (24 Stat. 552, c. 373; 25 Stat. 433, 436, c. 866; Railway Co. v. Cox, 145 U. S. 593, 601, 602, 12 Sup. Ct. 905, 36 L. Ed. 829). But the statutes which permit such actions without leave of court provide that they should be subject to the general equity jurisdiction of the court in which the receiver was appointed, so far as the same shall be necessary to the ends of justice. The question here is whether the petitioner is entitled to invoke the equity powers of a bankruptcy court upon the facts as presented.

It appears that Gutman and Wenk were adjudicated involuntary bankrupts on the 4th day of January, 1902. On the next day the plaintiff Kopple took possession of the mortgaged property. The loan was not due at the time, and the justification for the act was alleged to be found in a clause in the mortgage to the effect that the mortgagee might take possession of the property at any time if he should deem the security afforded by the mortgage unsafe or at any risk, and sell the property according to law. It is evident that Kopple did not obtain legal possession of the chattels by his act. At the time of the filing of the petition and the adjudication in bankruptcy, the possession was in the bankrupt, and the trustees, to be subsequently appointed, became vested with the title of the bankrupt as of the date of the adjudication (Bankr. Act 1898, § 70). The filing of the petition was in effect a caveat to all the world, and an attachment of all the bankrupt's property (In re Vogel, 7 Blatchf. 18, 20, Fed. Cas. No. 16,982; Bank v. Sherman, 101 U. S. 403, 406, 25 L. Ed. 866; Mueller v. Nugent, 7 Am. Bankr. R. 224, 22 Sup. Ct. 269, 46 L. Ed. ——; In re Krinsky [D. C.] 112 Fed. 972), and the property was constructively in the possession of the court when the plaintiff's alleged possession was obtained. It would seem clear that, as the plaintiff had no right of possession, there was no invasion of any of his legal rights, and that no cause of action really exists against the petitioner in the matter. It was the duty of the receiver to take possession of all the bankrupt's property, and it is now in the custody of this court, where such claim as the plaintiff may have upon the property will be enforced. Section 720 of the Revised Statutes, prohibiting the granting of injunctions to stay proceedings in any court of a state, expressly excepts "cases where such injunctions may be authorized by any law relating to proceedings in bankruptcy." Under the act of 1898, among the powers specifically given to the court of bankruptcy are (section 2): "(15) Make such orders, issue such process and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act." And by clause 3 of the twelfth general order (32 C. C. A. xvi, 89 Fed. vii) it is provided: "Applications * * * for an injunction to stay proceedings of a court or officer of the United States or of a state shall be heard and decided by the judge" (White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183); and it seems to be the clear intent of the act that the administration of the bankrupt estate by the bankruptcy courts should not be un-

duly interfered with. Ordinarily, where the receiver of the court has merely general directions to take into his possession the property of the bankrupt, and there is a claim that he has taken the property of a third person, the court, in conformity with general principles, would leave him to answer in any proper forum for his individual acts (Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390; McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796; Central Trust Co. v. East Tennessee, V., & G. Ry. Co. [C. C.] 59 Fed. 523; High, Inj. § 298; Hale v. Bugg [C. C.] 82 Fed. 33); but where it appears without dispute, as it does here, that the third party cannot possibly have any legal rights to be established by the litigation in the state court, and the result of permitting it to be continued would not only suffer an injustice to the receiver, but indirectly tend to embarrass this court in administering the estate, the equitable powers of the court should be exercised, both for the prevention of the injustice and to protect the court's full jurisdiction (Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497; Chapman v. Brewer, 114 U. S. 158, 5 Sup. Ct. 799, 29 L. Ed. 83; Garner v. Bank, 16 C. C. A. 86, 67 Fed. 833; James v. Trust Co., 39 C. C. A. 126, 98 Fed. 489; Mueller v. Nugent, supra).

Motion granted.