**LEHMAN, Sheriff, et al. v. SPURWAY.**
No. 6263.

Circuit Court of Appeals, Fifth Circuit.
May 3, 1932.

Roscoe Brunstetter, of Miami, Fla., for appellants.

Charles R. Pierce, of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

W. C. Burgert sold to Samuel Cantor three thousand chairs, which Cantor placed in a race track grandstand owned by a corporation in which he was a large stockholder, a majority of the chairs being attached by bolts to the floor. Title was retained by Burgert in the note taken but the paper was not properly attested and recorded. He sued the note in a state court and recovered a money judgment against Cantor. Execution was issued, and was about to be levied on the chairs as the property of Cantor by the appellant Lehman, as sheriff of the state court, when the appellee H. J. Spurway, as receiver of City National Bank of Miami, Fla., obtained in the federal District Court a permanent injunction forbidding the sheriff and his deputies from seizing, levying upon, or selling any of the chairs. The receiver claimed the chairs to be fixtures attached to the grandstand upon which the bank had taken a mortgage which the receiver had foreclosed, buying the realty in for the bank. The jurisdiction of the court and the propriety of the injunction are brought in question by this appeal.

The receiver of a national bank is not an officer of court, but is the representative of the Comptroller and under his control. Ex parte Chetwood, 165 U. S. 443, 458, 17 S. Ct. 385, 41 L. Ed. 782. Although the District Court may be called on to authorize sales and settlements, the assets of the bank are not in the court for administration, thereby drawing to it all disputes over the title to and liens upon them and entitling the court to defend its possession as if they were in the hands of its own receiver. Jurisdiction as a federal court over this controversy can be rested upon no such basis. But it exists under 28 USCA § 41(1) as of a suit of a civil nature brought by an officer of the United States authorized by law to sue. Gibson v. Peters, 150 U. S. 342, 14 S. Ct. 134, 37 L. Ed. 1104; Short v. Hepburn (C. C. A.) 75 F. 113; Myers v. Hettinger (C. C. A.) 94 F. 370; Schofield v. Palmer (C. C.) 134 F. 753.

Yet, without regard to the merits of his title, the receiver cannot obtain relief by injunction against the officer of the state court because of a point not presented in the trial court. 28 USCA § 379 declares: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The winding up of a national bank by the Comptroller we do not regard as proceedings in bankruptcy within the meaning of the section, nor have we been referred to any law in connection therewith which authorizes the use of injunction against proceedings in a state court. In First National Bank v. Colby, 21 Wall. 609, 22 L. Ed. 687, a creditor of an insolvent national bank had some of its property attached by process from a state court. The receiver appointed a few days later did not seek relief in a federal court, but appeared in the state court to object, was defeated, and appealed ultimately to the Supreme Court of the United States. That court said: "We are of opinion that it was a proper proceeding on the part of the receiver to apply to the court below to discharge the attachment, on proof of the facts presented by him, and the production of his appointment and the decree dissolving the association. * * * That levy was void as against his claim to the property; and, in our judgment, it was error for the court to refuse to discharge it on his application." In the Chetwood Case, supra, the assets of a failed national bank were in controversy, and a state court had assumed to control some of them, and a federal court had issued injunction against an appeal of the state court proceedings. The section quoted was considered to apply, and to forbid the injunction. Page 460 of 165 U. S., 17 S. Ct. 385. See, also, Baker v. Ault (C. C.) 78 F. 394. The case here is not an attempt to apply the bank's assets to its debt and thus to usurp the administration of the receiver, but the receiver seeks to prevent an orderly seizure of property claimed to belong to another. We think the receiver of a national bank has

no more right to have a federal court enjoin such proceedings in a state court than any other suitor has.

Sometimes in a suit at law in a state court the judgment is esteemed the end of the proceeding so far as to permit the assertion in a federal court of equity of matters which ought equitably to prevent the plaintiff from enforcing his judgment. This is considered not to be the forbidden meddling with a state court by a federal court, but to be the usual and natural turn for the case to take in order to assert the equities which the law court cannot reach. Simon v. Southern Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492. No such case is presented here, for the receiver does not deny that the plaintiff is entitled to his judgment and to enforce it against the defendant's property. The judgment ought not to be considered the end of proceedings in the state court, for it is only a step to the real object, the collection of the plaintiff's money. The execution and the officer's action under it are important and necessary parts of the proceedings to this end. Wayman v. Southard, 10 Wheat. 1, 23, 6 L. Ed. 253; Riggs v. Johnson County, 6 Wall. 166, 187, 18 L. Ed. 768. There is here no equitable defense to be urged against the judgment. The receiver is only asserting that it is inequitable to levy it on his property. It is also illegal to do so, a trespass. Where the owner is otherwise without adequate remedy, and section 379 does not apply, injunction may be had against such a levy. Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580; North v. Peters, 138 U. S. 271, 11 S. Ct. 346, 34 L. Ed. 936. And in Florida, where realty is about to be thus wrongfully sold, injunction is a statutory remedy. Comp. Gen. Laws, § 4972. In the face of section 379 it has been held that the tortious conduct of a state officer in levying upon property not subject to his execution cannot rightly be considered a part of the proceedings of the state court, and may be enjoined by a federal court. Cropper v. Coburn, Fed. Cas. No. 3,416; Julian, Sheriff, v. Central Trust Co. of New York (C. C. A.) 115 F. 956. But the former case was rested upon a passage from Kent's Commentaries which was expressly disapproved in Freeman v. Howe, 24 How. 450, 16 L. Ed. 749, where a state court was seeking to interfere with a United States Marshal's seizure. The case of Julian, Sheriff, v. Central Trust Co. of New York, was affirmed on appeal, but put upon a very different ground, namely, the right of the federal court to defend its prior jurisdiction over the property levied on. 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629. The sounder view is that, since the state officer by levying asserts the property to be subject to the execution and his seizure to be lawful, he is to be regarded as the representative of the state court and his proceedings as its proceedings, and that a federal court should not oppose its injunctive command to the attempt of the state court through him to exercise its jurisdiction, but that correction of any abuses should come through the state tribunals. Avoidance of friction between the federal and state courts is by the statute put above the suitor's choice of forum. Daly v. Sheriff, Fed. Cas. No. 3,553; Ruggles v. Simonton, Fed. Cas. No. 12,120; American Association v. Hurst (C. C. A.) 59 F. 1; Southern Bank v. Folsom (C. C. A.) 75 F. 929; Leathe v. Thomas (C. C. A.) 97 F. 139; Mills v. Providence L. & T. Co. (C. C. A.) 100 F. 344; Republic v. Security Bank (D. C.) 9 F.(2d) 476. In Sargent v. Helton, 115 U. S. 348, 6 S. Ct. 78, 29 L. Ed. 412, the land levied on had been purchased at a bankruptcy sale, and the purchaser sought to protect himself by federal injunction against state court process on the ground that the property was still under the jurisdiction of the bankruptcy court. It was held, however, that the jurisdiction in bankruptcy was at an end, and injunction could not, because of the statute, issue against the sheriff. All of these cases dealt with levies which had been accomplished, but the broad principle of comity between state and federal courts of which section 379 is but a particular expression would require each court to keep its injunctive hand off the officer of the other, as well when he is about to levy as after he has done so. The suitor who is in position to invoke the jurisdiction of a federal court may of course seek remedies there other than injunction. If by the seizure of his property he is forced to intervene in the state courts, he may sometimes have a removable separable controversy. Real Estate Loan Co. v. Brown (D. C.) 23 F.(2d) 329. The receiver here has sought and been granted only the remedy of injunction which is forbidden. The judgment must be reversed and the cause remanded with direction to dismiss the bill without prejudice.

Reversed and remanded.