## GARNER v. SECOND NAT. BANK OF PROVIDENCE et al.

(Circuit Court of Appeals, First Circuit. April 16, 1895.)

No. 124.

1. EQUITY PRACTICE—DISMISSAL BY COMPLAINANT.
   After an interlocutory decree on the merits referring the cause to a master to take an account, defendants acquire such an interest in the suit that plaintiff cannot discontinue as of right. If an order allowing such discontinuance can ever be properly entered after such a decree, it is only where some equity is shown therefor, and the same will not be granted where the expense and time involved in the litigation which resulted in such decree render it grossly inequitable to permit such a disposition of a part of the suit as would render possible a new contest over any question at issue.

2. ENJOINING ACTIONS IN STATE COURTS.
   It is now thoroughly settled that the provision contained in Rev. St. § 720, forbidding the federal courts to enjoin the prosecution of suits in the state courts, does not apply to proceedings incidental to jurisdiction properly acquired by a federal court for other purposes than that of enjoining proceedings in a state court. *Held*, therefore, that a federal court, in which complainant, after obtaining a decree in her favor, was proceeding before the master for an accounting of rents and profits, had jurisdiction to enjoin a subsequent action brought by her in a state court to recover the same rents and profits.

3. APPEALS—REVIEW—QUESTIONS NOT RAISED BELOW.
   An appellate court cannot be required to consider alleged irregularities, in that the court below proceeded to a final decree which was not based on the master's report in respect to an accounting, and that it gave affirmative relief by enjoining complainant from prosecuting an action at law without basing the same upon any cross bill, when the same were not objected to below, are not in terms covered by the assignment of errors, and are not shown to work substantial injustice.

4. SAME—HARMLESS ERROR.
   Where an interlocutory decree has been rendered for complainant, and the cause referred to a master for an accounting of rents and profits, it is a contempt for the complainant, pending this proceeding, to bring an action at law to recover the same rents and profits, which contempt the court will have power to order purged by the dismissal of such action. Therefore, where no objection is made to the form of proceeding, it is harmless error for the court to incorporate its order requiring such dismissal into the final decree, instead of making it the basis of a separate order.

v.67F.no.7—53

**5. SAME.**

After a master had filed his sealed report upon an accounting of rents and profits, neither party opened the same. Complainant had, pending the proceedings before the master, commenced an action at law to recover the same rents and profits, and subsequently moved to discontinue the equity suit. Defendant filed a petition asking that complainant be enjoined from prosecuting her action at law, and that she be required to dismiss the same. Upon the hearing of these motions the court refused permission to discontinue, and entered a decree awarding a nominal sum for rents and profits, and directing the dismissal of the action at law. Complainant did not insist that the award of rents and profits should be made upon the master's report, and her assignment of error, fairly construed, objected only to the making of any award in her favor, and raised no question of amount. *Held*, that it would be inequitable thereafter to allow her to insist that the decree was erroneous because not based upon the master's report.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

This was a bill in the nature of a quia timet, filed by complainant (then Mary J. Graeffe, now Mary J. Garner) and her husband, Albert J. Graeffe, against the Second National Bank of Providence, R. I., and Christopher H. Shippee and Samuel W. K. Allen. The bill sought to enjoin defendants from selling and conveying certain real estate, and from attempting, by actions at law or otherwise, to oust the complainant from the peaceable and quiet enjoyment and possession of such property. The defendants Shippee and Allen claimed title adverse to the complainant through a purchase made by Shippee, February 28, 1882, at an execution sale of all interest held by Albert J. Graeffe in the property on March 5, 1881 (the date of the attachment in that case), Shippee having subsequently conveyed by quitclaim deed an undivided half of the estate purchased by him to the defendant Allen. The defendant the Second National Bank had also purchased upon January 7, 1882, at an execution sale, all the title and interest of Albert J. Graeffe which he held on the 16th of March, 1881. The cause came up originally upon the bill, and upon a cross bill of the defendants Shippee and Allen. The defendants prevailed in the circuit court in the first instance, and were awarded judgment dismissing the bill, and giving judgment as prayed for in the cross bill. From this decree an appeal was taken to the United States supreme court, where the decree below was reversed, and one directed to be entered dismissing the cross bill, and granting the relief prayed for in the original bill. 151 U. S. 420, 14 Sup. Ct. 390. Upon the mandate from the supreme court being presented, the circuit court proceeded to, and did, comply with the directions therein contained, and at the foot of the decree entered thereon on the 23d day of June, 1894, ordered a reference to a master to take proof of the rents, issues, and profits of the premises, received by the defendants, or either of them, from the time of the filing of the decree of the circuit court, so reversed, until surrender of the premises under the decree of reversal. While this proceeding before the master was so pending, and on the 22d day of October, 1894, the complainant commenced her action at law in the supreme court of the state of New York against the same defendants for the recovery of the same rents, issues, and profits. Thereafter, and on the 10th day of November, 1894, the master filed with the clerk of the circuit court a sealed package, said to contain his final report, with instructions that the same was not to be opened until payment of his fees. Thereupon the respondent the Second National Bank, acting separately and independently, moved the circuit court (1) for a hearing thereon; and (2) that the complainant open said package. The court, on the 20th of December, made an order on behalf of all the respondents that the complainant open the report on or before the 29th day of December, 1894; and, in default, that the defendants, or either of them, might apply to the court for such other relief as they might be advised. On the 27th day of December, 1894, complainant filed a notice of motion for leave to discontinue in said circuit court the then pending proceeding to

recover from the respondents said rents, etc. Afterwards, and on the 29th day of December, 1894, the Second National Bank, again acting separately and alone, and on its own behalf, filed its petition praying that the complainant be enjoined by the decree of said circuit court from the further prosecuting of her action at law in the supreme court of New York, and required to discontinue the same, and enjoined from commencing or prosecuting any other action against the defendants in respect to the matters embraced in the master's report until final judgment entered in said circuit court, and for other relief. The master then filed with the clerk of the court his consent that the package purporting to contain his report be opened, but the same was not opened by either party. Thereupon, the motion on behalf of the complainant for leave to discontinue the then pending proceeding in the circuit court came on to be heard, followed by the application on behalf of the Second National Bank for an injunction restraining the prosecution of the action at law, or any other action for the same cause, and directing complainant to discontinue and dismiss the same. And on the 4th day of January, 1895, said circuit court made its decree, as follows:

"This cause came on to be heard on the motion of the complainant, filed December 27, 1894, for leave to discontinue the proceedings under the decree entered on the 23d day of June, 1894, for the recovery of the rents and profits of the estate in said decree referred to, and on the petition of the respondents the Second National Bank, filed on the 29th day of December, 1894, to enjoin the complainant from the further prosecution of her pending action in the supreme court of the state of New York against the respondents for the recovery of said rents and profits, and other relief, and on the motion of the respondents for a final decree in said cause adjudging that the complainant is not entitled to recover anything on account of said rents and profits, or, at most, only a nominal sum on account thereof, and was argued by counsel. And it appearing to the court here that the complainant here has neglected, under the order entered on the 20th day of December, 1894, to open the master's report now on file in said cause, pursuant to the decree on the 23d day of June, 1894, and now declines to open the same, and that the same has not been opened; and it further appearing that all the costs heretofore accrued in favor of the complainant have been fully paid and satisfied; and it further appearing that the complainant Mary J. Graeffe, now Mary J. Garner, has, since the filing of this bill, commenced her action against these respondents for the recovery of said rents and profits in the supreme court of the state of New York; and it further appearing to the court here that the complainant has elected her remedy for the recovery of said rents and profits, by taking the decree of this court entered the 23d day of June, 1894, and by proceeding thereunder up to the final report of the master therein appointed,—it is now ordered, adjudged, and decreed as follows, that is to say: That the motion of the complainant to discontinue be, and the same hereby is, denied and dismissed; that the complainant Mary J. Graeffe, now Mary J. Garner, have and recover of each of the said respondents the sum of one dollar, in full satisfaction of the rents and profits of the estate under the said decree entered on the 23d day of June, 1894, and that she have execution therefor forthwith; that the complainant Mary J. Graeffe, now Mary J. Garner, be, and she hereby is, perpetually enjoined from the further prosecution of her said pending action in the supreme court of the state of New York, and that she be, and she hereby is, ordered forthwith to discontinue and dismiss the same; that neither of the parties hereto shall recover any further costs of this suit. Entered as the decree of this court, by order thereof, the 4th day of January, 1895."

Alexander Thain, for appellant.

James Tillinghast, for Second Nat. Bank of Providence.

Samuel W. K. Allen, for C. A. Shippee and S. W. K. Allen.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. Evidently, the controversy in the circuit court in this case related to two points only, namely; whether the complainant (now the appellant) was entitled to dismiss so much of her bill as related to the rents and profits, and whether it was in the power of the circuit court to enjoin the proceedings in the state court, under the circumstances of the case.

As to the first question, it is the settled practice that by a decree on the merits, like that of January 23, 1894, the party defendant acquires such an interest in the suit that the plaintiff cannot discontinue as of right. Gregory v. Pike (decided by this court Jan. 31, 1895) 67 Fed. 837. In order to obtain an order allowing such discontinuance, if such an order can ever properly be entered after an interlocutory decree (Skip v. Warner, 3 Atk. 558; Egg v. Devey, 11 Beav. 221), some equity therefor must be shown. In the present case the expense and time involved in the litigation which resulted in the decree referred to, independently of other considerations, render it grossly inequitable to permit such disposition of any part of the suit as would make possible a new contest over any question at issue.

With reference to the other question, the appellant relies on section 720 of Revised Statutes. But it is now so thoroughly settled that this provision of law does not apply to proceedings incidental to jurisdiction properly acquired by a federal court for other purposes than that of enjoining proceedings in a state court, that the proposition needs no discussion by us.

These observations dispose of all substantial questions in the case, and, indeed, of all the questions raised in the court below; but two incidental questions touching the regularity of proceedings were suggested at the bar. One grows out of the fact that the court below proceeded to a final decree, which was not based on the master's report; and the other is that, in the final decree, affirmative relief was given against the plaintiff, not based on any cross bill, directing that the plaintiff be enjoined perpetually from prosecuting her suit in the state court, and that she dismiss it. As these irregularities, if they are such, were not objected to in the court below, are not in terms covered by the assignment of errors, and are not shown to work substantial injustice, this court cannot be required to consider them. The authorities show clearly that the circuit court had power to restrain the plaintiff from commencing or prosecuting the suit in the state court under the circumstances. The leading case (Mocher v. Reed, 1 Ball & B. 318, decided in 1810) has always been held a sufficient authority. But, when issued against a plaintiff, the restraining order has been on summary proceedings; and, so far as we can perceive, the order has been of an ad interim character. Harrison v. Gurney, 2 Jac. & W. 563. In this case the form directed by Lord Eldon appears, and it ran "until further order." But in the case at bar the interlocutory decree in the circuit court was entered June 23, 1894, and the appellant brought her suit in the state court in October, 1894. Under those circumstances, the bringing of the suit without leave

was, according to Mocher v. Reed, ubi supra, in contempt of the circuit court. To the same effect is Story, Eq. Jur. § 839, though it seems the power to compel the complainant to make an election, and the corresponding right to elect, ended with the entry of the interlocutory decree. That court had, therefore, power to require the purging of the contempt by a dismissal of the suit. In the absence of any specific objection to the form of proceedings, the appellant was not prejudiced by the fact that this was incorporated in the decree, instead of being made the basis of a separate order. The order to dismiss was, of course, of such effective character that the order not to prosecute, contained in the same interlocutory decree, was immaterial. On the whole, in this particular, the case is met by the rule explained by this court in King v. Hospital, 12 C. C. A. 139, 64 Fed. 325,—that irregularities, if any exist, not substantially prejudicial, and not brought to the attention of the court below, do not furnish ground for reversal.

These observations also apply to the proposition that the court below did not proceed on the master's report, even if it were proper or necessary that it should do so. The appellant did not, either absolutely or in an alternative form, insist that it should. She resisted all proceedings, and took no note of the method. Her assignment of errors, fairly construed, object only to the making of an award in her favor, and raise no question as to the amount. The master's report could have been of use only with reference to the sum to be awarded, and therefore the assignment of errors does not touch it. It is clear the appellant's effort was to get wholly out of the circuit court, so far as an accounting was concerned, and she limited the issue to that purpose alone, and persistently refused to present the master's report, or offer proofs as to the amount of rents and profits; and it would be inequitable to allow her to raise other issues on appeal, under the circumstances, explained.

The assignment objecting that the decree was entered against Shippee and Allen is clearly not available. It would have been an irregularity not to have entered a decree for or against them. Beyond that, the point is covered by the general propositions which we have already stated.

On the whole, the appellant had her day in the circuit court, and refused to make use of it. We cannot be required to give it to her again, and there is no substantial equity appearing in the record which would justify us in doing it. The decree of the circuit court is affirmed.