ST. PAUL, M. & M. RY. CO. v. DRAKE et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1896.)

No. 238.

1. WRIT OF ERROR—ABSENCE OF BILL OF EXCEPTIONS.

A writ of error addresses itself to the record, and therefore, when the record itself discloses the ground on which a reversal is sought, the absence of a bill of exceptions is no reason for declining to consider the merits of the cause.

2. COURTS—PROPERTY IN CUSTODIA LEGIS.

Third parties, claiming property levied on by the marshal, will not be permitted to take it out of his possession, under color of process, by means of a separate suit, even in the same court. The remedy is by ancillary proceedings in the same cause.

In Error to the Circuit Court of the United States for the Eastern Division of the District of Washington.

This was an action of replevin brought by the St. Paul, Minneapolis & Manitoba Railway Company against James C. Drake and Samuel Vinson to recover possession of two locomotives, levied upon by defendants as United States marshal and deputy marshal, respectively. A demurrer to the answer on the ground that the facts stated constituted no defense was overruled by the circuit court, and, plaintiff having elected to stand on his demurrer, judgment was entered for defendants. Plaintiff thereupon sued out this writ of error.

Jay H. Adams, for plaintiff in error.

H. M. Herman, for defendants in error.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was plaintiff below in an action of replevin, brought on the 1st day of February, 1895, in the circuit court for the district of Washington, Eastern division, for the recovery of the possession from the defendants of two certain locomotive engines, of the alleged value of $10,000. On the same day the plaintiff filed in the same court and cause a motion reciting that it was "about to institute a suit in this court, in its Eastern division, wherein James Drake and Samuel Vinson, respectively marshal and deputy marshal of this court, are and will be necessary defendants, and which suit will involve the right to the possession of property situate and located in the county of Spokane, in such Eastern division," and praying the court to appoint some disinterested person "to whom writs, precepts, and other process shall issue in said cause, and who shall be authorized to execute and return such process into this court according to law." Pursuant to that application, the judge appointed C. A. Cole "to execute and make return of all precepts, writs, and other process issued in the said cause," and directed that all such precepts, writs, and other process should be directed to the said Cole for execution and return. The necessary affidavit and bond having been given on behalf of the plaintiff, a writ of

replevin was issued to Cole, directing him to take from the defendants, Drake and Vinson, the two engines, and hold the same for redelivery to the defendants upon their execution of a bond according to law; and, upon their failure so to execute such delivery bond, then to deliver the possession of the engines to the plaintiff. Under this writ the special officer took the engines into his possession, and, the defendants not having given any bond for the retention of the property, the engines were delivered to the plaintiff. A motion was subsequently filed on behalf of the defendants to dismiss the action, upon the ground that the court had no jurisdiction in such a proceeding, which motion, however, does not appear to have been determined or ever heard. Thereafter the defendant Vinson filed an answer to the complaint, in which he alleged that Drake is the duly appointed and qualified marshal of the United States for the district of Washington; that he (Vinson) "is the chief deputy in charge of the business for the Eastern division of such district of Washington"; that by virtue of an execution issued in the case of John McLaughlin v. The Great Northern Railway Company, issued by the clerk of the circuit court for the district of Washington, Eastern division, to James C. Drake, United States marshal for the district of Washington, authorizing him to levy upon the property of the Great Northern Railway Company to satisfy the judgment rendered in said case of McLaughlin v. The Great Northern Railway Company, he (Vinson), as such chief deputy, in the absence of the marshal, "proceeded to levy upon the two locomotives mentioned in the complaint of plaintiff in said action; and that the only right, title, claim, or interest which said Vinson had in or to the said locomotives as such United States deputy marshal was by virtue of the execution," a copy of which is attached to the answer, and made a part thereof. The execution commanded the marshal of the district that of the goods and chattels of the Great Northern Railway Company in the district of Washington he cause to be made the sum of $5,000, to satisfy the judgment against that company in favor of McLaughlin, besides costs; and that, if sufficient goods and chattels of the company could not be found within the district, then that he cause the amount of the judgment, costs, and accrued costs to be made out of the real estate of the company; and the return to the execution shows that by virtue of it the marshal, by his deputy, Vinson, levied upon the two locomotive engines in question, and held them by virtue thereof at the time they were taken from his possession by the special officer appointed in the present suit. The prayer of the answer was that the action be dismissed for want of jurisdiction in the court, and that the defendant Vinson recover his costs. To the answer the plaintiff demurred, on the ground that it did not state facts sufficient to constitute a defense to the action, which demurrer was by the court below overruled, and to which ruling the plaintiff excepted; the order overruling the demurrer reciting: "And on request of plaintiff it is granted until the 16th day of May, 1895, in

which to file its reply." On the 18th day of May, 1895, this order and judgment was entered:

"Whereas, on the 29th day of April, 1895, the demurrer to the answer of said defendant, Samuel Vinson, having been argued and submitted to the court, and said demurrer having been overruled, the court, finding that the several matters and things set forth in the answer of the said Sam. Vinson are sufficient in law to bar the action of the said plaintiff against the said defendant, considered that the said demurrer be overruled; and, the said plaintiff having obtained leave from the court to serve a reply to said answer on or before the 16th day of May, 1895, and the said plaintiff having elected to stand upon its demurrer and the order overruling the same, now, on motion of H. M. Herman, counsel for the defendant, and after hearing Jay H. Adams, counsel for the plaintiff: It is ordered that the defendant have final judgment herein upon the record and pleadings. It is therefore considered by the court that the said defendant do have a return of the goods and chattels taken from him in this action, and now in possession of said plaintiff, under said proceedings; and, in default of the said goods and chattels being so returned, the said defendant do recover against said plaintiff the said sum of ten thousand dollars (the value of said property as fixed by said plaintiff), his damage so assessed, and also his costs in and about his suit in that behalf expended, taxed at ——— dollars and ——— cents.

"Done at Spokane, in open court, May 18th, 1895.

"C. H. Hanford, Judge."

On the 20th of May following, the plaintiff sued out a writ of error, and on the same day filed his assignment of errors, the first of which was that the court below erred in overruling the demurrer of the plaintiff to the answer of the defendant Vinson; and the second, that the court erred in rendering judgment for the defendants upon the overruling of the demurrer.

The objection of the defendant in error to the consideration of the merits of the case because there is no bill of exceptions is not well taken. The writ of error addresses itself to the record (Storm v. U. S., 94 U. S. 76), and the record itself discloses the ground upon which the plaintiff in error seeks a reversal of the judgment.

The writ under which the marshal levied upon the locomotives in question did not command that officer to levy it upon that particular property, or upon any other specific property, but came within the second class of writs described by the supreme court in Buck v. Colbath, 3 Wall. 334, 343, where the officer was directed to levy upon property of the defendant to the writ sufficient to satisfy the demand against it, without describing any specific property to be thus taken. In such a case the obvious duty of the officer is to levy upon property of the defendant to the writ, and not upon property of somebody else. He has, as said by the court in the case cited, "a very large and important field for the exercise of his judgment and discretion. First, in ascertaining that the property on which he proposes to levy is the property of the person against whom the writ is directed; secondly, that it is property which, by law, is subject to be taken under the writ; and, thirdly, as to the quantity of such property necessary to be seized in the case in hand. In all these particulars he is bound to exercise his own judgment, and is legally responsible to any person for the consequences of any error or mistake in its exercise to

his prejudice. He is so liable to plaintiff, to defendant, or to any third person whom his erroneous action in the premises may injure. And, what is more important to our present inquiry, the court can afford him no protection against the parties so injured; for the court is in no wise responsible for the manner in which he exercises that discretion which the law reposes in him, and in no one else." In the case at bar the answer relied on by the defendant in justification of his act contains no denial that the property seized was the property of the plaintiff to the suit, nor any averment that it was the property of the defendant to the writ, or in any way subject to be taken thereunder. But the answer does aver that, by virtue of the execution issued in the case of McLaughlin vs. The Great Northern Railway Company, directed to the marshal, the defendant Vinson, as his deputy, levied upon and took into his possession the locomotives in question. For any tort committed by the officer under such a writ he would be liable in trespass, or to any other legal remedy, at the suit of the party injured, in any proper court, with this limitation: that no such court can be permitted to interfere with the property while it is in the actual or constructive possession of the court under whose process it was taken. Buck v. Colbath, supra. The principle upon which this limitation is based is that the possession of the property levied upon by the marshal under claim and color of the authority conferred by a writ of execution or other similar writ is the possession of the court under whose process the officer acted; that the property is thereby brought within the custody of the law, and, so long as that custody continues, "no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." 3 Wall. 341. Accordingly it was held, in Freeman v. Howe, 24 How. 450, that where a wrongful attachment had been levied by the marshal upon property of a party not named in the writ, the rightful owner cannot obtain possession by a suit in replevin in a state court. The same rule was applied in respect to property wrongfully levied upon by the marshal under writ of execution in the case of Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, the court holding that the possession of the property by the marshal under claim and color of the authority conferred by the writ of execution is, in itself, without regard to the rightful ownership, a complete defense to an action of replevin brought in a state court. The unseemly conflict and confusion that might, and often would, otherwise arise between courts of co-ordinate jurisdiction, and which is obviated by the application of the principle alluded to, would exist, although perhaps in a less degree, were third parties permitted, by a separate and independent suit in the same court, to take property levied upon by the marshal and held by him under claim and color of process, out of his possession, and thus out of the custody of the court issuing the process under which the marshal acted. Nor is there any necessity for the true owner, whose property has been thus wrongfully, but under color

of process, taken and withheld from him, to resort to a separate and independent suit to recover its possession; for, in order to prevent injustice by an abuse of their process, the courts hold that any person, not a party to the suit or judgment, whose property has been so wrongfully taken and withheld from him, may prosecute, by ancillary proceedings in the court whence the process issued, his remedy for restitution of the property, or its proceeds, while remaining in the control of that court; and that all other remedies to which he may be entitled, against officers or parties, not involving the withdrawal of the property, or its proceeds, from the custody of the officer and the jurisdiction of the court, he may pursue in any tribunal, state or federal, having jurisdiction over the parties and subject-matter. Covell v. Heyman, 111 U. S. 176–179, 4 Sup. Ct. 355; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. Judgment affirmed.