MILLS, Sheriff, et al. v. PROVIDENT LIFE & TRUST CO. OF PHILADELPHIA.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 540.

1. APPEAL—PARTIES.
    Defendants below not interested in the appeal are not necessary parties thereto.

2. INJUNCTION—PROCEEDING IN STATE COURT.
    Levy and sale under an execution is a "proceeding" within Rev. St. U. S. § 720, declaring that writ of injunction shall not be granted by a federal court to stay "proceedings in any court of a state." [1]

3. SAME.
    Rev. St. U. S. § 720, declaring that writ of injunction shall not be granted by a federal court to stay proceedings in any court of a state, applies where levy and sale under execution on a judgment of a state court is sought to be enjoined, though the writ is asked by one not a party to the action in the state court in which the judgment was obtained, who claims that he is sole owner of the land sought to be sold.

4. APPEAL—REVIEW.
    The court below having maintained its jurisdiction and decided the cause on its merits, defendant may appeal on the whole case, including the ques-tion of jurisdiction.

Appeal from the Circuit Court of the United States for the West-ern Division of the District of Washington.

John A. Parker, John C. Stallcup, and J. W. A. Nichols, for ap-pellants.

P. Tillinghast, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The record shows that neither the Tacoma National Bank nor Otis Sprague are interested in the appeal, and therefore they were not necessary parties to it. Mercantile Trust Co. v. Kanawha & O. Ry. Co., 7 C. C. A. 3, 58 Fed. 6; Railway Co.

[1] As to enjoining proceedings in state court, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90, and Central Trust Co. v. Grantham, 27 C. C. A. 575.

v. Pope, 20 C. C. A. 253, 74 Fed. 1. We are also of opinion that the record as printed is sufficient to present the question as to the jurisdiction of the court below, which question is decisive of the appeal. The motion to dismiss the appeal is therefore denied.

The jurisdictional question appears from the pleadings. The suit was one in equity, brought in the court below by the Provident Life & Trust Company of Philadelphia, as complainant, against A. U. Mills, as sheriff of Pierce county, state of Washington, the Tacoma National Bank, C. Anderson, as its assignee, and Otis Sprague. The bill alleges that the complainant is the owner in fee and in the actual possession of certain described lands situated in the city of Tacoma, state of Washington; that the defendants Tacoma National Bank and its assignee, Anderson, claim that the defendant Otis Sprague is the owner of an undivided one-fourth of the premises; that, in an action brought by the Tacoma National Bank against Sprague and others in the superior court of the state of Washington, a judgment was entered in favor of the bank on the 24th day of January, 1894, for the sum of $4,370, and costs of suit, taxed at $28.80, which judgment the defendants claim was thereafter sold and assigned by the bank to the defendant Anderson, on which the assignee, on January 17, 1898, caused to be issued out of the superior court of the state of Washington an execution, which he caused to be placed in the hands of the defendant Mills, as sheriff of the county in which the lands are situated, and by him levied upon the property described as the property of the defendant Sprague; that the defendant Mills, as such sheriff, under and pursuant to the writ of execution, issued and caused to be published a notice that on a certain stated day and hour, and at a certain designated place, in the county of Pierce, he will offer for sale and proceed to sell, at public auction, to the highest bidder for cash, all of the said property, or so much thereof as may be necessary to satisfy the said judgment, besides all costs, interest, and accruing costs thereon. The bill alleges that, although the defendants Tacoma National Bank and its assignee, Anderson, claim that the judgment is a lien upon the right, title, and interest of Otis Sprague in the lands, the said Sprague, at the time of the entry of the judgment, had no legal or equitable interest therein, nor has he at any time since had any legal or equitable interest therein, but that at all of the said times the said lands were the property of the complainant, and those through whom it acquired and now holds the title and possession thereof; that the defendant Mills, as sheriff of Pierce county, is now threatening and proceeding to sell, and will, unless restrained by order of the circuit court, proceed to sell, all of the described property, under and pursuant to the said writ and notice, to satisfy the said judgment, interest, costs, and accruing costs, and is further threatening to and will, unless so restrained, proceed to execute and deliver to the purchaser of the property at said sale a certificate of sale therefor, under which the holder thereof will be entitled to be placed by the sheriff in the possession of the property; that the claims of the defendants under the said judgment, and the acts and proceedings done

and threatened to be done by the defendants, as aforesaid, under the said judgment and the writ of execution issued thereon, and the sale of the property which the said sheriff is now threatening and proceeding to make under the writ, and, unless restrained, will make, are illegal, wrongful, and unjust, and will cast a cloud upon the title of the complainant to the property, and will greatly depreciate and lessen its value, and, unless a speedy and adequate remedy is granted to the complainant, it will suffer irreparable damage to its peaceable and exclusive possession and enjoyment of the property and its rents; that none of the defendants have any right, title, or interest in any portion of the property, and that their pretensions in that regard are without foundation in right or law; that an emergency exists for the granting of a preliminary injunction enjoining the defendants and those acting under them from selling the said property under the said writ of execution, and from asserting or attempting to enforce any lien or interest in or upon any part of the premises; and the prayer is that upon a hearing the preliminary injunction, which is asked for, be made perpetual, and that it be determined by the court that the defendants have no title, interest, claim, or lien in, to, or upon any part of the premises, and that the title of the complainant thereto is valid.

It will be observed that there is no averment in the bill that there is, or ever was, any cloud upon the complainant's alleged title to the real estate therein described, but that, if the sheriff is permitted to sell the premises under the execution, a cloud will be cast thereby upon the title. It is apparent, we think, that the action was one for injunctive relief, not as an incident to an existing cause in equity, but as the primary object of the action. And so the court below treated it, for it begins its opinion rendered in the cause as follows:

"This is a suit in equity for an injunction to restrain the sheriff of Pierce county from making sale of valuable real estate situated in Tacoma, under an execution to enforce a judgment rendered by the superior court of the state of Washington for Pierce county, which has been assigned by the judgment creditor to the defendant Anderson, and is against his co-defendant, Otis Sprague."

Section 720 of the Revised Statutes of the United States declares that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

That the levy and sale under an execution issued upon a judgment rendered by a state court is a "proceeding" in the state court, within the meaning of this provision of the Revised Statutes, does not, we think, admit of doubt, especially where, as in the state of Washington, it is provided by statute, not only that all sales of land under execution must be subject to confirmation by the court, but that:

"Any person other than the judgment debtor claiming title to the real estate and a right to the possession thereof, that has been sold upon order of sale or execution issued from the supreme or superior courts, and which has been

entered by the clerk in his docket for confirmation of sale, may, at any time during the term of court at which confirmation of sale is asked and before the same is confirmed, come into court and file an affidavit of such title and right of possession, and it shall thereupon be the duty of the court to order the party asking confirmation of sale to file an answer to the statements and allegations of the said affidavit, verified as pleadings in civil actions are by law required to be; and if the allegations of said affidavit are not denied by such answer, or if such party fail or refuse to answer as directed, then it shall be the duty of the court to refuse the confirmation of such sale; but if the answer be filed as required and the statements and allegations of said affidavit are denied by such answer, then the issue or issues made shall be tried as issues of fact are tried in civil actions in the superior court." McLaughlin's Code 1896, §§ 4921, 4923.

Under the statute of Washington, therefore, it is plain that a sheriff's sale and execution is a proceeding, not only in the court, but by the court, culminating in a hearing and confirmation of the sale by the court, and that any person other than the judgment debtor, claiming title to the real estate so sold, may have a hearing and trial in that court upon any objection to the sale or its confirmation. It appears from the opinion of the court below that it did not doubt that an execution against property, issued to enforce a money judgment rendered by a state court, is a "proceeding," within the meaning of that term as used in section 720 of the Revised Statutes, to restrain a sale, under which every United States court is forbidden; but the court below was of opinion that that section applies only to parties and privies to the action in the state court, and to cases where the property is subject to the state judgment and writ issued thereon, the court saying:

"But the judgment is binding only upon parties and privies, and the writ confers no authority upon the sheriff to meddle with property which does not belong to the judgment debtor. The writ commands the sheriff to make the amount required to satisfy the judgment out of the debtor's property. In making a levy upon property of a different person he does not obey the writ, but acts contrary to its commands, and his acts which are contrary to the writ are not proceedings which the statute forbids the federal courts to interfere with by injunction."

The same view was put forward in the case of Association v. Hurst, 7 C. C. A. 598, 59 Fed. 1; but the circuit court of appeals for the Sixth circuit held, and we think properly held, to the contrary. In the course of its opinion the court in that case showed that the principle underlying the rule of comity not only operates to prevent the interference by one court with the acts of the executive officers of another court of co-ordinate jurisdiction, when done under color of an order or process issuing from such other court in respect to the possession of personal property, but applies as well to an injunction against a levy on, and sale of, real estate by the officer under color of process; and, further, that section 720 of the Revised Statutes "was passed, not to preserve comity and harmonious action between courts of the same sovereign exercising concurrent jurisdiction, but to attain such an end, and prevent unseemly conflict of courts of different sovereigns exercising concurrent jurisdiction over the same territory,"—adding that "the purpose of the statute is so important that a liberal construction should be given to accomplish it." In this we entirely agree. See, also, Sar-

gent v. Helton, 115 U. S. 348, 6 Sup. Ct. 78, 29 L. Ed. 412; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Haines v. Carpenter, 91 U. S. 256, 23 L. Ed. 345; Peck v. Jenness, 7 How. 625, 12 L. Ed. 841; Railway Co. v. Drake, 44 U. S. App. 271, 19 C. C. A. 252, 72 Fed. 945. There is nothing in the language of section 720 of the Revised Statutes, nor in the reason for that enactment, limiting its provisions to parties and privies to the proceeding in the state court, but the prohibition is general, and denies to every federal court the right to stay by injunction, at the suit of any person, proceedings in any court of a state, with an exception within which the present case does not come. We are of opinion that the court below was without jurisdiction, and accordingly the judgment is reversed, and the cause remanded, with directions to dismiss the bill, at the complainant's cost.

### On Petition for Rehearing.

#### (March 2, 1900.)

PER CURIAM. The appeal in this case was not upon the question of jurisdiction alone, in which event this court would have had no jurisdiction of it; but the court below having maintained its jurisdiction, and decided the cause upon the merits, the appeal was taken to this court upon the whole case, including the question of jurisdiction, which the appellant had the right to do. Reed v. Stanley, 38 C. C. A. 331, 97 Fed. 521. It is also said in the petition for rehearing that McLaughlin's Code of Washington of 1869 was published without authority, and that section 4523 thereof, appearing in the opinion of this court in this case, "has been considered repealed, and not a part of the law of the territory or state of Washington since 1869." That may or may not be true. It is not necessary to determine the question in this case; for all reference to that section may be omitted from the opinion, and the result must remain the same. The petition for a rehearing is denied.