STEWART v. WISCONSIN CENT. RY. CO.

(Circuit Court, N. D. Illinois. March 27, 1902.)

No. 23,065.

1. RAILROADS—CLAIMS AGAINST RECEIVERS—JURISDICTION TO ENFORCE AGAINST PURCHASER.

A federal court, which has sold railroad property in foreclosure proceedings, requiring the purchaser to assume and pay such claims against its receivers as it might subsequently direct, and reserving the right to retake and resell the property in default of such payment, has exclusive jurisdiction to enforce such requirement; and the purchaser has the right to invoke such jurisdiction for his protection against actions in a state court on claims against the receivers.

2. FEDERAL COURTS—INJUNCTION TO STAY PROCEEDINGS IN STATE COURT.

Rev. St. § 720, does not prevent a federal court from granting an injunction to stay proceedings in a state court for the protection of its own previously acquired jurisdiction.

In Equity. Upon petition of the Wisconsin Central Railway Company, purchaser of the line of railway of the defendant company under decree of foreclosure, to enjoin Peter Welgos from the prosecution of his suit against the purchaser, in the circuit court for the county of Cook.

JENKINS, Circuit Judge. By decree of May 30, 1899, the entire property of the defendant company was directed to be sold, and was sold on July 7, 1899, to the petitioner, the Wisconsin Central Railway Company. The sale was confirmed, and the purchaser entered into possession on July 18, 1899, and has since continued in possession. The decree provided that the purchaser should assume any unpaid indebtedness or liability of the receivers incurred in the management and operation of the railroad since September 27, 1893, and, upon refusal to pay any such indebtedness or liability established, the court, upon the petition of the claimant, would enforce the claim against the property, and for that purpose jurisdiction of the cause was retained, and the right reserved to the court to retake and resell the property to compel payment of such claims. The decree also provided for the giving of notice to all claimants to prove their claims before the circuit court within a time specified, of which notice was to be given, and which time, it is said, expired on February 15, 1900.

Peter Welgos received injuries through the operation of the railway by the receivers on July 1, 1898, and on the 28th of November of that year brought suit against Whitcomb and Morris, the receivers, in the superior court of Cook county, to recover therefor. This cause was removed into the circuit court for the Northern district of Illinois, and was tried to a jury, and upon the trial a request for a nonsuit was allowed. On December 27, 1899, after confirmation of the sale, Welgos commenced another action in the circuit court of Cook county, against the receivers, the Chicago Terminal Transfer

¶ 2. Restraining proceedings in state courts, see notes to Garner v. Bank, 16 C. C. A. 90; Trust Co. v. Grantham, 27 C. C. A. 575.

Railroad Company, the lessor of the Wisconsin Central Company, the Wisconsin Central Company, the Wisconsin Central Railway Company, the purchaser, and the Wisconsin Central Railroad Company, charging all such defendants with the ownership of the track, and the use, occupation, and management of the road, and that the injury was caused by the negligence of the employés; and service of process on January 6, 1900, was made upon the Wisconsin Central Railway Company alone. The Wisconsin Central Railway Company now moves the court for an injunction restraining the prosecution of that suit against it.

The purchasing company took this property discharged of all claims against it save as expressed in the decree of sale. The receivers were not formally discharged upon confirmation of the sale and delivery of possession, because such discharge might abate suits pending against them; but they were practically discharged except for that purpose, and for the purpose of accounting. Their management of the property then ceased. As against the purchaser, the court reserved the right to retake and resell the property in default of payment of such claims against the receivers, which the court might adjudge and direct to be paid, and there was appointed a method by which all such claims should be marshaled, adjusted, and determined. Manifestly the federal court, which rendered this decree, and so reserved jurisdiction, alone could retake and resell this property, and alone could order payment of any adjudged claim.

It is said that one may not be enjoined from prosecuting his suit by reason of section 720, Rev. St., which provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay the proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

It may not be denied that the language of this statute is quite comprehensive; but the statute is only declaratory of that comity which has always prevailed,—that one court will not invade the jurisdiction of another, or interfere with the proceedings of the court whose jurisdiction first attached. The statute does not, however, apply to proceedings incidental to jurisdiction previously acquired by a federal court for other purposes than that of enjoining proceedings in a state court. It is to be remarked that this court had jurisdiction to establish this claim, and so had when the suit in the state court was commenced, and would not by its injunction invade a jurisdiction already acquired by a state court; that the railway company, by its purchase, became a party to this suit, is bound by the decree, and has a right to have its provisions enforced in its behalf; and by the injunction asked for the court would only be protecting its own jurisdiction. In Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 354, the supreme court said:

"A court of the United States is not prevented from enforcing its own judgments by the statute which forbids it to grant a writ of injunction to stay proceedings in a state court."

And it has been uniformly ruled by the federal courts that in such a case as this the statute does not apply. Jessup v. Railroad

Co. (C. C.) 44 Fed. 663; Central Trust Co. v. St. Louis, A. & T. R. Co. (C. C.) 59 Fed. 385; Terre Haute & I. C. R. Co. v. Peoria & P. U. R. Co. (C. C.) 82 Fed. 943; Fidelity Ins., Trust & Safe-Deposit Co. v. Norfolk & W. R. Co. (C. C.) 88 Fed. 815; State Trust Co. v. Kansas City, P. & G. R. Co. (C. C.) 110 Fed. 10; Garner v. Bank, 16 C. C. A. 86, and notes (s. c. 67 Fed. 833). This doctrine is established in this circuit by the ruling of Judge Grosscup in Terre Haute & I. R. Co. v. Peoria & U. R. Co. (C. C.) 82 Fed. 943, and must be held to be the law of this court. The cases of Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345, and Sargent v. Helton, 115 U. S. 348, 6 Sup. Ct. 78, 29 L. Ed. 412, relied upon by the respondent, are not considered applicable, for the reason that the state court in each of those cases had acquired jurisdiction of the subject-matter of the suit before jurisdiction had been taken by the federal court. Here, jurisdiction had been acquired over the estate in the federal court before any suit in the state court; and the federal court, and the federal court alone, had the power under its decree to establish claims against the property sold, and to retake from the purchaser, and to resell, the property acquired by it under the decree.

The petition must, therefore, be allowed.