RAILROAD COMMISSION OF TEXAS et al. v. J. ROSENBAUM GRAIN CO.

(Circuit Court of Appeals, Fifth Circuit. March 14, 1904.)

No. 1,313.

1. INJUNCTION—POWER OF FEDERAL COURTS—RESTRAINING ACTION BY STATE RAILROAD COMMISSION.

A federal court, where it has jurisdiction by reason of the diverse citizenship of the parties and the federal questions involved, has power to grant an injunction to restrain a state railroad commission from putting in force an order the effect of which would be to cause damages to complainant for which an action at law would furnish no adequate remedy.

2. SAME—PRELIMINARY ORDER—REVIEW.

On an appeal from an order granting an injunction pendente lite before issue joined, where it appears that the cause is one involving controverted questions of fact, the court will not enter upon the merits to determine whether the injunction was improvidently granted.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

For opinion below, see 130 Fed. 46.

C. K. Bell, for appellant.

S. B. Cantey and Levy Mayer, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is an appeal from an interlocutory order continuing an injunction pendente lite. The Circuit Court has jurisdiction of the controversy on account of the diverse citizenship of the parties and the federal questions involved, and we think it had power to issue the injunction complained of. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 363, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819. The bill shows a case for equitable relief to prevent damages for which an action at law would furnish no complete and adequate remedy. On

this appeal we do not feel called upon to go further. Kerr v. City of New Orleans, 126 Fed. 920; Massie et al. v. C. C. Buck (decided by this court Feb. 16, 1904) 128 Fed. 27.

The order appealed from is affirmed.