SOUTHERN RY. CO. v. SIMON.

(Circuit Court, E. D. Louisiana.    June 9, 1905.)

No. 13,300.

COURTS—FEDERAL COURTS—RESTRAINING ENFORCEMENT OF STATE JUDGMENT.

A federal court is not precluded by Rev. St. § 720 [U. S. Comp. St. 1901, p. 581], from granting a preliminary injunction restraining a defendant from enforcing a judgment of a state court where necessary to preserve the rights of parties in a suit properly before it until final hearing therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1418.]

In Equity.    On application for preliminary injunction.

This is a case in which a bill in equity was filed on February 6, 1905, to enjoin the execution of a judgment rendered in the civil district court for the parish of Orleans, state of Louisiana, in favor of Ephraim Simon and against the Southern Railway Company, a corporation of the state of Virginia; the said judgment having been rendered on account of damages sustained by the plaintiff, Ephraim Simon, in an accident on the said railway, and having been rendered by default before a jury, no answer or other pleading being filed by the said Southern Railway Company in the state court.    The complainant railway company sets up in its bill of complaint, among other grounds alleged, that there was no valid service of said railway company.

Harry H. Hall, for complainant.
Lazarus, Michel & Lazarus, for defendant.

PARLANGE, District Judge (after stating the facts).    A restraining order having heretofore issued herein, the matter now before the court is whether or not a preliminary injunction shall issue.

The main contention on behalf of the defendant is that this court is precluded from issuing an injunction in this cause because of the prohibition of section 720, Rev. St. [U. S. Comp. St. 1901, p. 581].    It is thoroughly settled that the statute just mentioned has no application to such a cause as the instant one.    See Massie et al. v. Buck, 128 Fed. 27, 62 C. C. A. 535, settling the question in this circuit.    See authorities cited in that case.    See National Surety Company, etc., v. State Bank, etc., 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394; Terre Haute, etc., Co. v. Peoria, etc., Company (C. C.) 82 Fed. 943; Garner v. Second Nat. Bank, etc., 67 Fed. 833, 16 C. C. A. 86; Circuit Judge McCormick, in Central Trust Company v. St. Louis, etc., Company (C. C.) 59 Fed. 386; Julian v. Central Trust Co., 193 U. S. 112, 24 Sup. Ct. 399, 48 L. Ed. 629, and other cases.    Section 720, Rev. St., applies only to cases where the jurisdiction of the state court has attached first.    Justice Field, in Sharon v. Terry (C. C.) 36 Fed. 365, 1 L. R. A. 572; Justice McKenna in President, etc., v. Merritt et al. (C. C.) 59 Fed. 7; Lanning v. Osborne (C. C.) 79 Fed. 662, and other cases.    Notice Whitney v. Wilder, 54 Fed. 554, 4 C. C. A. 510.    In the federal courts a trial

judge in such a cause as the instant one has the right, in the exercise of a sound discretion, to issue a preliminary injunction in order to preserve the status quo until the final determination of the cause. Circuit Judge Shelby, in Massie v. Buck, supra; Railroad Commission, etc., v. Rosenbaum, etc., Company, 130 Fed. 110, 64 C. C. A. 444; Northern Securities Company v. Harriman, 134 Fed. 331, 67 C. C. A. 245; Kerr v. New Orleans, 126 Fed. 924, 61 C. C. A. 450.

The meaning of section 720, Rev. St., is perfectly plain. That statute was intended only to prohibit the federal courts from attempting to act as courts of review over the state courts. But Congress never intended that the federal courts in matters of which they have jurisdiction should be deprived of any power of injunction necessary for the assertion and maintenance of that jurisdiction. The federal courts would be infirm and impotent, indeed, if when causes are brought to them which they are competent to decide they could not afford the ancillary protection without which the relief sought in the causes could not be given. In such cases the federal courts certainly have the same powers that the state courts would have if the causes were brought to them.

It is conceded in the argument, and the matter is obvious without the concession, that the complainant in this cause could have brought this action in the state court, coupling therewith a prayer for an injunction. This being unquestionably true, why cannot the complainant, being a citizen of another state, apply to this court and obtain from it the same remedies which the state court would grant it? The present action was brought first to this court. That action is not now pending in the state court, and has never been in that court. The matter is so clear that further discussion of it would be futile. Notice that the case of National Surety Company, etc., v. State Bank, etc., 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394, cited supra, is very similar to the instant cause.

Other secondary matters urged on behalf of the defendant are either without force, or else are questions which do not properly arise at the present stage of the litigation.

A preliminary injunction will issue on complainant's giving bond with security in the sum of $2,000, the restraining order to remain in force until the issuance of the preliminary injunction.