## REPUBLIC POWER & SERVICE CO. v. SECURITY BANK & TRUST CO.

(District Court, W. D., Louisiana, Lake Charles Division. November 21, 1925.)

No. 229.

Courts ⬤509(1)—When federal court will restrain proceedings in state court stated.

Under Rev. St. § 720 (Judicial Code, § 265 [Comp. St. § 1242]), federal court may restrain proceedings in state court to protect its own jurisdiction, but will not interfere to arrest process of state court in matters which such court has right to decide, notwithstanding diversity of citizenship.

In Equity. Suit by the Republic Power & Service Company against the Security Bank & Trust Company. Bill dismissed.

Cline & Plauche, of Lake Charles, La., for plaintiff.

Cary & Vorder Bruegge, of Memphis, Tenn., and Elmer L. Stewart, of De Ridder, La., for defendant.

DAWKINS, District Judge. Complainant applied to and obtained from one of the judges of the Northern district of Texas, acting in the absence of the judge of this district, a temporary restraining order against the defendant bank and the sheriff of Beauregard parish, stopping further proceedings in the execution of a judgment in favor of the defendant bank against the De Ridder Light & Power Company. The allegations of the bill were substantially that, under the writ of fi. fa. issued upon the judgment obtained by the Security Bank & Trust Company against the De Ridder Light & Power Company, the sheriff had seized office fixtures, etc., belonging to complainant, valued at several hundred dollars; that the plant belonging to the De Ridder Light & Power Company was being operated by the complainant under contract of lease, and that all bills for power and service were due to it, the complainant, but that the said judgment creditor had, in connection with the writ, issued interrogatories of garnishment to the several consumers of said power and service, for the purpose of seizing the amounts due upon the said bills as the property of the De Ridder Light & Power Company, and which had in reality belonged to complainant. The prayer of the bill was that the complainant be decreed to be the owner of said property and accounts, and that the defendants be permanently enjoined from seizing same in satisfaction of said judgment.

Defendant bank, plaintiff in execution, has filed in this court a plea to the jurisdiction, upon the ground that under section 720 of the Revised Statutes (section 265 of the Judicial Code [Comp. St. § 1242]) a federal court is without power to enjoin proceedings in a state court, except in matters arising in bankruptcy; and, secondly, that the amount involved is not sufficient to give this court jurisdiction. Section 265 of the Judicial Code reads as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Numerous authorities have been cited on both sides, but I think the distinction between those sustaining the right of a federal court to enjoin proceedings in a state court and those in which such relief has been denied is to be found in the difference in character of the causes of action. Wherever the federal court has been called upon to restrain action of the state court in protection of its own jurisdiction as to property or matters over which it (the federal court) had already control, or the relief was in aid of a suit for substantive relief, of which the latter court had jurisdiction under the Constitution, the power has been sustained; but where the sole purpose of the writ was, as here, to arrest the process of the state court in matters as to which the latter undoubtedly had the right to decide, and the litigants could avail themselves of all their legal rights in that forum, it has been uniformly held that the federal courts should not interfere; and it has been held in a number of cases that the fact that property of a third person was seized by the process of the state court did not affect the rule of the statute, even though that person was a citizen of another state and under ordinary circumstances would have the right to invoke the jurisdiction of a federal tribunal.

I do not find it necessary to analyze the decisions, for the reason that this has been done in the authorities which I cite. See note to Garner v. Second National Bank, 67 F. 833, 16 C. C. A. 86; American Association v. Hurst, 59 F. 1, 7 C. C. A. 598; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390; Perry v. Sharpe (C. C.) 8 F. 15; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Daly v. Sheriff, Fed. Cas. No. 3,553; Ruggles v. Simonton, Fed. Cas. No. 12,120; Southern Bank & Trust Co. v. Folsom et al., 75 F. 929, 21 C. C. A. 568 (C. C. A. 6th

Circuit, with the late Justice Lurton as the organ of the court); Mills, Sheriff, et al. v. Provident Life & Trust Co. of Philadelphia, 100 F. 344, 40 C. C. A. 394 (C. C. A. 9th Circuit); Simkins, Federal Practice (Rev. Ed.) 750 et seq.

For the reasons assigned, the plea to the jurisdiction is sustained, and the bill dismissed.